Gurumurthy KALYANARAM,
Appellant

v.

The UNIVERSITY OF TEXAS SYS-
TEM, The University of Texas at Dal-
las, and Robert Lovitt, Individually
and in his Official Capacity as Au-
thorized Representative and Agent of
UT Parties, Appellees.

No. 05–05–01493–CV.

Court of Appeals of Texas,
Dallas.

Aug. 7, 2007.

Cameron D. Gray, Law Office of Cameron D. Gray, Dallas, for Appellant.

William T. Deane, Asst. Atty. Gen., Austin, for Appellee.

Before Justices WHITTINGTON, MOSELEY, and O'NEILL.

## OPINION

Opinion by Justice MOSELEY.

Gurumurthy Kalyanaram appeals the grant of summary judgment in favor of the University of Texas System, the University of Texas at Dallas (UTD), and Robert Lovitt, individually and in his official ca-

pacity. He brings two issues: (1) the trial court erred in dismissing his breach of contract claim where the motions for summary judgment did not seek that relief and were filed before he pleaded that claim; and (2) the trial court erred in granting appellees' motions for summary judgment for sovereign or official immunity in a suit based upon actions relating to their settlement of prior litigation.

For the reasons that follow, we affirm the trial court's judgment as to Kalyanaram's intentional tort claims and as to his claims against Lovitt. We reverse the trial court's judgment as to Kalyanaram's claim for breach of the Settlement Agreement by the University of Texas System and UTD and remand that claim to the trial court for further proceedings.

## I. BACKGROUND

### A. Previous Litigation

Kalyanaram was a professor at UTD. According to his pleadings, he informed his superiors at UTD that other professors and employees were misappropriating state funds. Later, UTD officers accused Kalyanaram of fraud and theft regarding his expense reimbursements and offered him the choice of either resigning or having the information referred to the Collin County District Attorney for prosecution. He refused to resign. Subsequently, the accusations were referred to the District Attorney. UTD began termination proceedings. Kalyanaram filed civil suits related to these events against appellees and certain other university-related individuals, including a suit in Dallas County Court at Law No. 1. Subsequently, five of Kalyanaram's civil suits were resolved in a Settlement Agreement and Mutual General Release. An Order of Dismissal with

Prejudice was entered in the Dallas County Court at Law No. 1 suit.

### B. Present Lawsuit

Kalyanaram filed his Plaintiff's Original Petition for Bill of Review against appellees and certain other university-related individuals seeking to set aside the Order of Dismissal in the Dallas County Court at Law No. 1 suit. He alleged that under the terms of the settlement agreement, UTD and the university-related individuals agreed to abandon the criminal charges against him. He asserted that UTD nevertheless pursued the criminal charges (on which he ultimately was found not guilty). He alleged the Settlement Agreement and Order of Dismissal were obtained by extrinsic fraud and that the Settlement Agreement was fraudulently induced. He asserted a claim for attorney's fees for fraud and for "breach of the settlement agreement for wrongfully pursing [sic] the criminal complaints referenced herein." Under his "attorneys' fees" claim, he alleged: "Plaintiff would show that due to Defendants' fraud and breach of contract, he hired ... a licensed attorney, to pursue the claims contained herein."

The defendants filed a No–Evidence Motion for Summary Judgment, asserting: (1) Kalyanaram had no evidence of any of the elements of a bill of review; (2) there was no evidence the defendants had waived their sovereign immunity from suit or from liability to his intentional tort claims—fraud, fraud in the inducement, and duress—pursuant to section 101.025 of the Texas Tort Claims Act, and there was no allegation that immunity from suit or from liability was waived by use of motor-driven equipment, a personal injury occurred on state property, or a premises defect pursuant to sections 101.021 and

101.022 of the Texas Tort Claims Act, *see* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021 (Vernon 2005), .022 (Vernon 2006 Supp.), .025 (Vernon 2005); and (3) there was no evidence the defendants had waived their sovereign immunity from suit as to any of Kalyanaram's "breach of contract attorney's fees claims" because there had been no legislative consent to file suit, citing *Texas Natural Resource Conservation Commission v. IT–Davy,* 74 S.W.3d 849, 853 (Tex.2002).

The defendants also filed a Second Motion for Summary Judgment (For Official Immunity), reiterating their no-evidence grounds of lack of waiver of sovereign immunity and also asserting that the evidence established the individual defendants were entitled to official immunity. They supported their motion with evidence.

Subsequently, Kalyanaram filed a First Amended Petition, naming only appellees, dropping his bill of review allegations, and asserting claims for breach of contract and fraud in the inducement as to the Settlement Agreement. As to his breach of contract claim, he alleged that appellees agreed in the Settlement Agreement to refrain from making defamatory statements which could disparage or otherwise cast aspersions on him and to notify him if they were contacted by the Immigration and Naturalization Service or other government authorities. Kalyanaram alleged Lovitt breached the Settlement Agreement by failing to inform him of contacts with the District Attorney. Kalyanaram also asserted a claim for attorney's fees for fraud and breach of the Settlement Agreement. Subsequently, appellees filed a First Amended No Evidence Motion for Summary Judgment.

Kalyanaram filed a Consolidated Response to the Motions for Summary Judg-

ment. As to the merits of the motions, he asserted there were fact issues regarding his common law fraud and fraudulent inducement claims. He also argued there were "[i]ssues regarding breach of contract claims" and incorporated by reference his argument, pleadings, and exhibits submitted with his earlier-filed Motion for Partial Summary Judgment (Contract Liability). In addition, he argued appellees were not entitled to summary judgment "on the Basis of Immunity, Jurisdiction, or Limitations." Specifically, he argued: (1) "sovereign immunity in a contract context" was waived by egregious conduct pursuant to *Federal Sign v. Texas Southern University,* 951 S.W.2d 401 (Tex.1997); (2) his claims were "largely Whistleblower Act-type claims" and appellees were not immune from breach of a settlement of claims that were not barred by immunity or such immunity was waived by statute or contract, citing *Texas A & M University–Kingsville v. Lawson,* 87 S.W.3d 518 (Tex. 2002); (3) Lovitt was not entitled to official immunity because the evidence showed he did not act in good faith; and (4) his fraud and breach of contract claims were timely filed. He supported his response with evidence. Appellees filed a reply.

Following a hearing, the trial court signed a Final Judgment. It expressly granted the defendants' No–Evidence Motion for Summary Judgment and their Second Motion for Summary Judgment and dismissed Kalyanaram's suit with prejudice. This appeal followed.

## II. STANDARD OF REVIEW

A party may "move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at

trial." TEX.R. CIV. P. 166a(i). Presuming such a motion otherwise complies with the rule, it must be granted unless the non-movant party produces summary judgment evidence raising a genuine issue of material fact. *Id; see Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex.2005).

■ A party may also move for summary judgment on traditional grounds, i.e., that there is no genuine issue as to a specified material fact and that, therefore, the moving party is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). Thus, for a defendant to prevail on a traditional motion for summary judgment, he must either disprove at least one element of the plaintiff's claim as a matter of law, or conclusively establish all elements of an affirmative defense. *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex.1996). If the movant meets its burden, then and only then must the nonmovant party respond and present evidence raising a fact issue as to the material fact(s) in question. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999); TEX.R. CIV. P. 166a(c).

■ We review *de novo* the trial court's granting of a no-evidence or a traditional motion for summary judgment, examining " 'the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.' " *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006) (per curiam) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex.2005)).

■ A summary judgment cannot be affirmed on grounds other than those specified in the motion. TEX.R. CIV. P. 166a(c), 166a(i). However, if the trial court's order does not specify the grounds on which the summary judgment was granted, we must affirm if any of the grounds specified in the motion are meritorious. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex.2003). When the motion for summary judgment presented both no-evidence and traditional grounds, we first review the propriety of the summary judgment under the no-evidence standards of rule 166a(i). *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex.2004) (appellate court reviews no-evidence summary judgment before addressing traditional summary judgment).

■ We affirm a no-evidence summary judgment if, as to an essential element of the claim or defense identified in the motion: (a) there is a complete absence of evidence; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered; (c) the evidence offered is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex.2003) (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997)).[1] Thus, a no-evidence summary judgment is improper if the non-moving party brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc.*, 953 S.W.2d at 711.) On the other hand, the evidence amounts to no more than a scintilla if it is "so weak

---

1. In turn, *Merrell Dow Pharmaceuticals, Inc.* cites Robert W. Calvert, *"No Evidence" and* *"Insufficient Evidence" Points of Error*, 38 TEX. L.REV. 361, 362–63 (1960).

as to do no more than create a mere surmise or suspicion" of a fact. *Id.*

We affirm a traditional summary judgment if the evidence submitted in support of the motion and any response shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c).

## III. ANALYSIS

### A. Judgment as to Lovitt

■ In their Second Motion for Summary Judgment, appellants argued that summary judgment for Lovitt should be granted because he was entitled to the affirmative defense of official immunity. Under the doctrine of official immunity, state employees are immune from being personally liable in tort actions for discretionary acts performed in good faith within the scope of their employment. *Koerselman v. Rhynard*, 875 S.W.2d 347, 350 (Tex.App.-Corpus Christi 1994, no writ). Kalyanaram addressed this ground in his Consolidated Response. However, on appeal, he does not direct any argument to this ground. Accordingly, we affirm the final judgment as to Kalyanaram's claims against Lovitt individually and in his official capacity. *See State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex.1986) (per curiam) (appellate court not authorized to reverse trial court's judgment in absence of properly assigned error).

### B. Scope of Summary Judgment Motions

In his first issue, Kalyanaram argues the trial court erred in dismissing his breach of contract claim because neither the No–Evidence Motion nor the Second Motion for Summary Judgment sought summary judgment on that claim and because he did not assert a breach of contract claim until he filed his First Amended Original Petition. We disagree. Both motions expressly sought summary judgment for "breach of contract attorney's fees" on grounds of sovereign immunity. In his Original Petition, as noted above, Kalyanaram sought attorney's fees for "breach of the settlement agreement for wrongfully pursing [sic] the criminal complaints referenced herein." Accordingly, we resolve Kalyanaram's first issue against him.

### C. Sovereign Immunity

In his second issue, Kalyanaram argues the trial court erred in granting summary judgment and dismissing his claims because such claims are not barred by sovereign immunity.

■ Sovereign immunity refers to the State's immunity from suit and liability. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003); *Fed. Sign*, 951 S.W.2d at 405; *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976). In addition to protecting the State from liability, it also protects the various divisions of state government, including agencies, boards, hospitals, and universities. *Taylor*, 106 S.W.3d at 694 n. 3; *Lowe*, 540 S.W.2d at 298. Immunity from suit bars an action against the State unless the State expressly consents to the suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999) (per curiam); *Fed. Sign*, 951 S.W.2d at 405. The party suing the governmental entity must establish the State's consent, which may be alleged either by reference to a statute or to express legislative permission. *Jones*, 8 S.W.3d at

638. Absent the State's consent to suit, a trial court lacks subject matter jurisdiction. *Id.*

▮▮▮▮▮ The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex.App.-Fort Worth 2003, pet. denied). The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). In reviewing a challenge to the court's subject matter jurisdiction, the trial court may review the pleadings and any other evidence relevant to the subject matter jurisdiction issue. *Id.* at 554–55.

Kalyanaram first argues, citing *Lawson*, 87 S.W.3d at 521, that "[a] governmental entity, or its employees, simply cannot be allowed to settle a claim 'with an agreement on which it cannot be sued.... Such a rule would limit settlement agreements with the government to those fully performed before dismissal of the lawsuit because any executory provision could not thereafter be enforced.'" In *Lawson*, a university faculty member sued the university for violations of the Whistleblower Act. The parties then settled and released that claim. Later, Lawson sued for breach of the settlement agreement. The university filed a plea to the jurisdiction based on sovereign immunity. *Id.* at 518–19. The supreme court affirmed the court of appeals's decision that the university could not claim immunity from suit for breach of the settlement agreement. The supreme court concluded that, "having waived immunity from suit in the Whistleblower Act, the State may not now claim immunity from a suit brought to enforce a settlement agreement reached to dispose of a claim brought under that Act." *Id.* at 522–23; *see* TEX. GOV'T CODE ANN. § 554.0035 (Vernon 2004) (waiving sovereign immunity for suits by a public employee alleging violation of Whistleblower Act). Accordingly, the supreme court in *Lawson* allowed an exception to the rule that, in a breach of contract suit, the government must consent to the suit and waive its immunity fully through statute or legislative resolution. *See IT–Davy*, 74 S.W.3d at 858.

In his Consolidated Response, Kalyanaram contended that the *Lawson* exception applied and pointed to one of the settled cases, *Kalyanaram v. University of Texas System, et al.*, number A 99 CA 91 JN in the United States District Court, Western District of Texas, which, although not specifically asserting a claim pursuant to the Whistleblower Act, stated facts that he filed a whistleblower complaint and was thereafter subjected to negative employment actions. The record also shows that in another case, *Kalyanaram v. University of Texas System, et al.*, number 93–13350 in the 126th Judicial District Court of Travis County, Texas, Kalyanaram asserted a claim pursuant to the Whistleblower Act. These were two of the five suits specifically settled in the Settlement Agreement. Petitions in both these cases were attached as evidence to appellees' Second Motion for Summary Judgment (for Official Immunity).

▮▮▮ Accordingly, we conclude that Kalyanaram met his burden under the no-evidence standards of rule 166a(i) to produce summary judgment evidence raising a genuine issue of material fact whether his claim for breach of the Settlement Agreement comes within *Lawson*, thus

waiving immunity from suit on this claim. *See* Tex.R. Civ. P. 166a(i); *see Western Investments, Inc.*, 162 S.W.3d at 550. In addition, Kalyanaram's evidence is more than a scintilla of evidence as to the sovereign immunity issue raised by appellees' second motion for summary judgment. Therefore, we conclude a genuine issue of material fact exists on the issue so as to preclude summary for the University of Texas System and UTD on Kalyanaram's breach of contract claim. *See* Tex.R. Civ. P. 166a(c); *Rhone–Poulenc, Inc.*, 997 S.W.2d at 222–23. Therefore, we decide Kalyanaram's second issue in his favor with respect to his breach of contract claim.

However, we decide this issue against Kalyanaram with respect to his claims that the University of Texas System and UTD obtained the Settlement Agreement by fraudulent inducement or duress. The University of Texas System and UTD moved for summary judgment on grounds that there was no evidence they had waived their sovereign immunity as to any intentional tort claims—fraud, fraud in the inducement, and duress—for which they were immune pursuant to the Texas Tort Claims Act. Neither in his Consolidated Response nor in his brief on appeal did Kalyanaram address this summary judg-ment ground. Accordingly, we affirm the final judgment in favor of the University of Texas System and UTD as to these tort claims. *See Westland Film Indus.*, 705 S.W.2d at 696; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 675 (Tex.1979) (holding issues not expressly presented to trial court may not be considered on appeal as grounds for reversal of summary judgment).

## IV. CONCLUSION

Because of our disposition of Kalyanaram's second issue regarding his claim for breach of the Settlement Agreement by the University of Texas System and UTD, we reverse the final judgment as to that claim and remand it to the trial court for further proceedings. In all other respects, the final judgment is affirmed.