**AFFIRMED; Opinion Filed May 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01468-CV

**DARWIN FLORES, Appellant**
**V.**
**INTELLIGENCE SERVICES OF TEXAS, INC., KEN LYBRAND, AND STEVE TAPPER, Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-14840**

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice Myers

This is an appeal from a summary judgment granted for appellees Intelligence Services of Texas, Inc., Ken Lybrand, and Steve Tapper, and against appellant Darwin Flores. In five issues, appellant argues (1) we should reverse the trial court's grant of summary judgment on appellant's negligence claim because appellees owed him a legal duty of care; (2) he was equitably entitled to attorneys' fees incurred in a prior litigation; (3) the contingency fee agreement between appellant and his attorney in that litigation had no bearing on whether appellant was entitled to recover attorneys' fees; (4) the trial court erred by granting no-evidence summary judgment regarding appellant's mental anguish damages; and (5) appellant was entitled to exemplary damages for gross negligence. We affirm the trial court's judgment.

**BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of an investigation conducted by appellee Intelligence Services of Texas, Inc., that took place as part of an unsuccessful medical malpractice action brought by appellant Darwin Flores against Dr. Clint Long, his former physician. In that action, appellant alleged that Dr. Long's negligence caused appellant to suffer from monocular vision—a visual impairment that involves decreased visual acuity, orientation, and limited depth perception. As part of his defense of that lawsuit, Dr. Long's trial counsel hired Intelligence Services to conduct video surveillance of appellant. Appellee Ken Lybrand was the principal and manager of Intelligence Services. Appellee Steve Tapper investigated appellant.

On August 24, 2009, Tapper conducted video surveillance of appellant and recorded him engaging in various activities such as driving a car, walking, climbing and descending stairs, bending over, and grasping items of various weights. During his surveillance, Tapper saw a person rollerblading who looked similar to appellant, and Tapper briefly recorded the person. When Tapper provided the recording to Intelligence Services, he included a narrative chronology of the surveillance that stated, among other things, that the person rollerblading was not appellant That statement was as follows: "NOTE: This video is NOT the subject."

Intelligence Services subsequently gave the videotape to Dr. Long's attorneys and its narrative also noted that the person roller blading was not appellant. However, when Long's attorney's produced the videotape in the underlying litigation, it did not include the written narrative. At his deposition, appellant was asked whether the person roller blading was him. Appellant testified it was not him. Tapper was deposed and affirmed the rollerblader was not appellant, and also provided his written report showing that he notified Long's attorneys that the rollerblader was not appellant. Prior to trial, Long's attorneys notified appellant they would be "happy" to remove that portion of the videotape.

The jury ultimately found for Dr. Long in the medical malpractice action, after which the trial court entered a take-nothing judgment against appellant.

Following his loss at trial, appellant filed this lawsuit against appellees alleging causes of action against them for negligence, negligent misrepresentation, negligence per se, fraud, and fraudulent misrepresentation.

Alleging that appellees filmed the video footage in such a way as to create a "misleading perception" of appellant, and that appellees provided false information that could be relied on by others, appellant asserted causes of action for negligence, negligent misrepresentation, negligence per se, fraud, and fraudulent misrepresentation. Appellant's petition alleged he was damaged because "[t]he things that Defendants captured and what they chose not to capture made it *possible* for the [ ] defense team to create a misleading picture for the finder of fact in the [underlying lawsuit]." (emphasis added). Appellant asserted damages of one billion dollars for emotional distress and mental anguish, one billion dollars for exemplary and punitive damages, and $500,000 for "additional legal services" incurred by appellant "beyond the scope of the original contract with his attorneys."

Appellees filed a traditional and no-evidence motion for summary judgment asserting, among other things, they had no legal duty to appellant and appellant had suffered no damages. The trial court granted final summary judgment for appellees. This appeal followed.

## DISCUSSION

In his first issue, Flores argues that we should reverse the trial court's grant of summary judgment on his negligence claim because "a private detective who conducts surveillance on an adversary owes his adversary a duty to refrain from circulating work product that the private detective knows can be used as fake evidence." The alleged negligence arises from appellees

–3–

providing the videotape to Long's attorneys without somehow noting on the videotape itself that the rollerblader was not appellant.

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We apply the well-established standards for reviewing summary judgments. *See* TEX. R. CIV. P. 166a(c), (i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009) (no-evidence summary judgment standard of review); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985) (traditional summary judgment standard of review). A traditional motion for summary judgment must show there is no genuine issue as to a specified material fact and, therefore, the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). For a defendant to prevail on a traditional motion for summary judgment, he must either disprove at least one element of the plaintiff's claim as a matter of law, or conclusively establish all elements of an affirmative defense. *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex. 1996); *Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied). If the movant meets its burden, then and only then must the non-movant respond and present evidence raising a fact issue. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999).

A no-evidence motion for summary judgment under rule 166a(i) must challenge specific elements of the opponent's claim or defense on which the opponent will have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The opponent must then present summary judgment evidence raising a genuine issue of material fact to support the challenged elements. *Id*. A genuine issue of material fact exists if the non-movant produces more than a scintilla of evidence supporting the existence of the challenged element. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).

Since the trial court's order granting final summary judgment does not specify the

grounds on which it granted summary judgment, the court's judgment will be affirmed if any of the grounds presented in the motion for summary judgment support the judgment. *See Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied).

To maintain an action for negligence, a plaintiff must show: (1) that the defendant owed a legal duty to the plaintiff; (2) that the defendant breached that duty; and (3) that the alleged breach proximately caused harm to the plaintiff. *See W. Invs. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *Lee Lewis Const. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001). Duty is the threshold issue of law to be decided by the court in a negligence case. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Mathis v. RKL Design/Build*, 189 S.W.3d 839, 844 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "The nonexistence of a duty ends the inquiry into whether negligence liability may be imposed." *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998); *see also J.P. Morgan Chase Bank, N.A. v. Texas Contract Carpet, Inc.*, 302 S.W.3d 515, 529 (Tex. App.—Austin 2009, no pet.) ("In the absence of a duty, there can be no negligence.") (quoting *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 223 (Tex. 2002) (Enoch, J., concurring)). Under Texas law, the existence of a duty is determined by looking at three factors: "(1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy considerations." *Texas Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 34 (Tex. 2002).

In this case, appellees moved for summary judgment on appellant's negligence claim asserting they owed no legal duty to appellant. It is undisputed that there was no relationship between appellees and Flores. Indeed, appellees were hired by counsel adverse to Flores to gather evidence to use against Flores in a malpractice trial. Additionally, Flores has failed to show a duty should arise based on the reasonable foreseeability that Long's attorney would use the misleading portions of the videotape to harm Flores or any other policy considerations that

would justify imposing a duty under these circumstances. We decline appellant's invitation to create a new common law duty of care. *See J.P. Morgan Chase Bank v. Texas Contract Carpet, Inc.*, 302 S.W.3d 515, 535 (Tex. App.—Austin 2009, no pet.) (stating that intermediate appellate courts should be reluctant to recognize new common law duty that has no existence in established law) (citing *Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002)). Accordingly, Flores has not shown the trial court erred in granting appellees' summary judgment motion on this ground. For those same reasons, we further conclude the trial court properly granted appellees' motion for summary judgment on appellant's claim for gross negligence. *See City of Waco v. Kirwan*, 298 S.W.3d 618, 623 (Tex. 2009) ("As with negligence actions . . . a defendant may be liable for gross negligence only to the extent that it owed the plaintiff a legal duty."); *West v. SMG*, 318 S.W.3d 430, 442–43 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (trial court did not abuse its discretion by granting SMG's motion for summary judgment because concertgoer failed to bring forth sufficient evidence on the element of duty, a necessary element of her negligence and gross negligence claims); *RT Realty, L.P. v. Tex. Utils. Elec. Co.*, 181 S.W.3d 905, 914 (Tex. App.—Dallas 2006, no pet.) ("The threshold inquiry regarding a gross negligence claim is whether a legal duty existed."). We therefore overrule appellant's first and fifth issues. Because of our conclusion that there is no duty, we do not address appellant's remaining issues pertaining to attorneys' fees and damages.

The trial court's judgment is affirmed.


121468F.P05


        /Lana Myers/
        LANA MYERS
        JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DARWIN FLORES, Appellant

No. 05-12-01468-CV      V.

INTELLIGENCE SERVICES OF TEXAS,
INC., KEN LYBRAND AND STEVE
TAPPER, Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-14840.
Opinion delivered by Justice Myers.
Justices O'Neill and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellees INTELLIGENCE SERVICES OF TEXAS, INC., KEN LYBRAND, AND STEVE TAPPER recover their costs of this appeal from appellant DARWIN FLORES.

Judgment entered this 22nd day of May, 2014.

/ Lana Myers/
LANA MYERS
JUSTICE