**AFFIRMED; Opinion Filed June 26, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00074-CV

### JEFFREY POWERS AND LINSEY POWERS, Appellants

### V.

### ROBERT PARSONS AND BETTY PARSONS, Appellees

**On Appeal from the 86th District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 85206-86**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lang-Miers

Appellants Jeffrey Powers and Linsey Powers appeal the summary judgment granted in favor of appellees Robert Parsons and Betty Parsons. In one issue, appellants argue that summary judgment was not proper because appellees' motion for summary judgment did not address the claim pleaded against them. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm.

### BACKGROUND

Appellant Jeffrey Powers alleged that he suffered injuries when he was struck by a SeaDoo watercraft while he was swimming in a lake. Appellants Jeffrey Powers and Linsey Powers sued Terry Shannon Baker, the driver of the SeaDoo, Tammy Denise McClelland, the

owner of the SeaDoo, Karen Parsons, the host of a lake house party that appellants were attending at the time of the incident, and appellees, the owners of the lake house and parents of Karen Parsons. In the section of their original petition entitled "Causes of Action[,]" appellants alleged:

> Plaintiffs would show that Defendants Robert and Betty Parsons owned the lakehouse located at 410 Forest Lane, Gun Barrel City, Texas, where the Defendants Terry Baker and Tammy McClelland and others were gathered for a party. Karen Parsons, the daughter of Robert and Betty Parsons, was hosting a party at the lakehouse, and it was during this party that alcoholic beverages were served to guests, including Defendant Baker. [T]he provision of alcohol to the obviously intoxicated Defendant Baker proximately caused the injuries herein alleged. [T]his action, as well as the entrustment of the lakehouse for a party constitute failure to exercise ordinary care. The Defendants failed to exercise ordinary care by:
>
> a. Allowing Defendant Baker to consume alcohol when he was intoxicated;
>
> b. Allowing Defendant Baker to operate watercraft in an impaired state; and
>
> c. Entrusting the lakehouse for use of a party without having rules regarding drinking and operating watercrafts.

Appellants also alleged that "[e]ach of the Defendants' actions described above constitute gross negligence" and sought to recover exemplary damages.

Appellees filed a motion for traditional summary judgment arguing that they were entitled to summary judgment because (1) they did not owe any duty to appellants and (2) they did not proximately cause the injuries. *See* TEX. R. CIV. P. 166a(c). Appellees contended that they were not liable for providing alcohol at their lake house because Texas law does not recognize social-host liability. They also argued that they could not be "negligent for failing to impose rules and restrictions applicable to the lakehouse because (a) they owed no duty to impose such rules on any adult guests at the lakehouse and (b) the lack of any rules did not proximately cause Jeffrey Powers's injuries." They further argued that they were not liable (1)

–2–

for negligent entrustment of the SeaDoo because they did not own or entrust the SeaDoo or (2) for negligent entrustment of appellees' deck boat that appellants allegedly rode prior to the incident because the alleged entrustment of the deck boat did not proximately cause Jeffrey Powers's injuries.[1] In addition, they argued that, because appellants could not recover actual damages against appellees, appellees were also entitled to summary judgment dismissing appellants' gross negligence claim.

In response, appellants argued that appellees had not met their burden to show that they were entitled to judgment as a matter of law because (1) appellants did not claim that appellees were providers of alcohol and, as a result, appellees were not entitled to summary judgment on any claim that appellees provided alcohol, (2) appellees were not entitled to summary judgment regarding negligent entrustment of their deck boat because appellants did not allege that claim, and (3) appellees "wholly failed to address the one claim that was brought against them[,]" which was "negligence in, among other acts and omissions, 'Entrusting the lakehouse for use of a party without having rules regarding drinking and operating watercrafts.'" Appellants also argued that appellees were not entitled to summary judgment on appellants' gross negligence claim. Appellants did not otherwise challenge the underlying merits of the motion.

The trial court generally granted appellees' motion for summary judgment "as to all claims and causes of action asserted against them[.]" Then the trial court granted appellees' unopposed motion to sever claims against them from the claims against the other defendants, making the summary judgment a final judgment in the severed case. This appeal followed.

---

[1] Appellees stated in their motion for summary judgment that, "[a]lthough not alleged in [appellants'] current petition," appellants "may contend" that appellees negligently entrusted their deck boat to Baker.

## STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A motion for traditional summary judgment must show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In order to prevail on summary judgment, the defendants as movants had to disprove at least one element of the plaintiffs' claims as a matter of law or conclusively establish all elements of an affirmative defense. *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex. 1996); *Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied). If they met that burden, the nonmovant plaintiffs had to respond and present evidence raising a fact issue as to the material facts in question. *Kalyanaram*, 230 S.W.3d at 925.

"A defendant need not, however, show that the plaintiff cannot succeed on any theory *conceivable* in order to obtain summary judgment; he is only 'required to meet the plaintiff's case as pleaded.'" *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 355 (Tex. 1995) (quoting *Cook v. Brundidge, Fountain, Elliott & Churchill*, 533 S.W.2d 751, 759 (Tex. 1976)); *see Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006).

## DID APPELLEES' MOTION ADDRESS APPELLANTS' CLAIM?

In one issue, appellants argue that the trial court erred in granting summary judgment to appellees because their motion for summary judgment did not address the cause of action pleaded by appellants. Although appellants also present two other sub-issues,[2] we do not address them because the remaining sub-issues do not affect the final disposition of this appeal. TEX. R.

---

[2] In the other two sub-issues, appellants also argue that summary judgment on claims of negligent entrustment of watercraft and social host liability was not proper because appellants did not plead those causes of action against appellees.

APP. P. 47.1 (stating court of appeals must address every issue necessary to final disposition of appeal).

**Appellants' Arguments**

Appellants contend that they "pleaded negligence arising from 'Entrusting the lakehouse for use of a party without having rules regarding drinking and operating watercrafts'" and argue that appellees did not seek summary judgment on this claim. Appellants "acknowledge the potential for ambiguity in their pleadings," but claim that "any reasonable reading of their petition notifies [appellees] that negligence in entrusting their lakehouse is at issue." Appellants argue that, "[c]onsidering both the lack of special exceptions and the requirement upon appellate review to resolve any doubts in favor of" appellants, appellants "pleaded—or attempted to plead—negligence by [appellees] in entrusting their lakehouse to" their daughter.[3]

**Appellees' Arguments**

Appellees contend that appellants' "poorly pleaded petition was not clear as to the actual allegations" but that they did specifically address the claim that appellants now argue they made against them.[4] They contend that there is no substantive difference between a claim for negligently entrusting the lake house for a party and negligently entrusting the lake house for a party without having rules regarding drinking and operating watercrafts.

Appellees contend however that, even if this court were to conclude that negligently entrusting the lake house for a party and negligently entrusting the lake house for a party without

---

[3] Appellants cite to various cases concerning the impropriety of summary judgment when a pleading does not state a cause of action, the need for a party challenging whether a pleading states a cause of action to file special exceptions, and the liberal construction of a pleading in favor of the pleader in the absence of special exceptions. *See Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983); *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982); *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex. 1977). Appellants argue that appellees did not specially except to the "lack of precision" in their negligence allegations or to the ambiguity from appellants' reference to "'Defendants,' across all causes of action." But these cases do not apply here. Appellees do not argue that appellants' petition was insufficient but rather that they negated the claims that appellants pleaded.

[4] Appellees argue that appellants do not challenge the trial court's grant of summary judgment on their gross negligence claim against appellants. We agree with appellees that appellants do not raise an argument concerning their gross negligence claim. *See* TEX. R. APP. P. 38.1(f).

having rules regarding drinking and operating watercrafts are different claims, the elements of duty and causation are common to negligence claims and "are negated as a matter of law as to both theories for the same reasons." *See G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297–98 (Tex. 2011) ("Although a trial court errs in granting a summary judgment on a cause of action not expressly presented by written motion, we agree that the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case.").

**Analysis**

As appellants acknowledged below and on appeal, their claim against appellees was that they negligently entrusted their lake house to their daughter and that they did so without having rules regarding drinking and operating watercrafts. The sole issue they present here is their argument that appellees did not address this claim in their motion for summary judgment. We disagree. In their motion for summary judgment, appellees argued, "as a matter of law, [appellees] cannot be negligent for failing to impose rules and restrictions applicable to the lakehouse because (a) they owed no duty to impose such rules on any adult guests at the lakehouse and (b) the lack of any rules did not proximately cause Jeffrey Powers's injuries." Appellants do not explain or cite authority supporting their position that this was not sufficient to address this claim. Consequently, we resolve appellants' issue against them.

## CONCLUSION

Given our resolution of the issue above, it is unnecessary for us to address appellants' remaining sub-issues. TEX. R. APP. P. 47.1. We affirm the trial court's dismissal of appellants' claims on summary judgment.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE

130074F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEFFREY POWERS AND LINSEY
POWERS, Appellants

No. 05-13-00074-CV     V.

ROBERT PARSONS AND BETTY
PARSONS, Appellees

On Appeal from the 86th District Court,
Kaufman County, Texas
Trial Court Cause No. 85206-86.
Opinion delivered by Justice Lang-Miers,
Justices Francis and Lewis participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.  It is **ORDERED** that appellees ROBERT PARSONS AND BETTY PARSONS
recover their costs of this appeal from appellants JEFFREY POWERS AND LINSEY POWERS.


Judgment entered this 26th day of June, 2014.