**AFFIRMED; Opinion Filed July 11, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00552-CV

### COLLECTIVE ASSET PARTNERS, LLC, Appellant
### V.
### BERNARDO K. PANA, ACCP, LP, AND FIRENZE MANAGEMENT, LLC, Appellees

### On Appeal from the 193rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-10-11451-L

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Brown
Opinion by Justice Myers

The trial court entered summary judgment against appellant Collective Asset Partners (CAP), LLC, and in favor of appellees Bernardo K. Pana, ACCP, LP, and Firenze Management, LLC. In one issue, CAP argues the trial court erred by granting summary judgment on CAP's claims of common law fraud and statutory fraud. We affirm the trial court's judgment.

### BACKGROUND AND PROCEDURAL HISTORY

Appellant CAP is a Texas Limited Liability Company formed in 2007 by Ashley Patten, a title fee attorney, and Ted Peters, a businessman. CAP was an asset management company that invested in commercial and residential real estate, and securities and royalty income from mining, oil, and gas.

In 2007, CAP learned about a 13.88-acre piece of property in Fort Worth from a licensed architect, Michael Schaumburg, with whom Peters and Patten had a prior working relationship.

Schaumburg indicated that the property, which had been appraised at a value of $10.25 million, was a "distressed sale," and that CAP would have to move quickly if they wanted to purchase it. Schaumburg provided additional information regarding the property and the parties discussed a joint venture agreement between CAP and Urban Contractors, Inc., one of Schaumburg's companies.

Schaumburg intended to conduct a simultaneous buy/sell from the title holder, El Mercado Group, LP, to CAP. When that could not be accomplished because Schaumburg was unable to borrow the necessary funds to purchase the property, Schaumburg brought in appellee Bernardo K. Pana to facilitate the sale. Pana is a member of appellee Firenze Management, LLC, which is a general partner of appellee ACCP, LP. ACCP purchased the property in fee simple from El Mercado, then conveyed it to CAP at the closing. Schaumburg and Pana split the profit from the sale to CAP "50/50." In his deposition, Schaumburg testified that Pana, who he described as a "very savvy investor," "saw all of the information I had on any given project."

CAP financed its purchase of the property with a loan from Legend Bank. CAP received a copy of the initial appraisal of the property that was prepared by Christopher McDade of C.L. McDade & Company, and dated May 14, 2007, which stated that the "as is" market value of the property was $10.25 million. The survey's executive summary stated that the property, which is located on the west side of IH-35W, the south side of Northside Drive, and the north side of the Trinity River, is in "Flood Plain: Zone AE, FEMA Map 48439C 0290 H, dated August 2, 1995." The Federal Emergency Management Agency (FEMA) defines "Zone AE" as an "[a]rea of special flood hazard," which, in turn, is defined as "the land in the flood plain within a community subject to a 1 percent or greater chance of flooding in any given year." *See* 44 C.F.R. §§ 64.3(a)(1), 59.1; *see also Collective Asset Partners, LLC v. Christopher Lance McDade, Individually and d/b/a C.L. McDade & Co.*, 400 S.W.3d 213, 214 (Tex. App.—Dallas

2013, no pet.).

The record also shows that a January 22, 2007 engineering report from Ottis Lee of Civil Works Engineering indicated the property could be developed despite the flood plain, but development of the property would require, among other things, excavation of approximately 90,000 cubic yards of soil, extension of existing water and sewer lines, extension of an existing storm drain, and "[c]oordination with the Corps of Engineers (COE) and the City of Fort Worth to insure no loss of storm water storage in the Trinity River basin." It also stated: "Initial review of the site, Flood Insurance Rate Map and COE requirements indicates that the excavation and filling of the site to provide for the development as described above is allowable within existing criteria set out by the governing bodies." In his summary judgment affidavit, Schaumburg stated that it was CAP that provided him with a copy of the January 22, 2007 engineering report.

To close the loan, Legend Bank ordered another appraisal of the property. The second appraisal, which was dated June 26, 2007 and prepared by McDade, again gave the property an "as is" valuation of $10.25 million. McDade sent the second appraisal to Legend Bank. The executive summary of the June 2007 appraisal stated that the property is in "Flood Plain: Zone AE, FEMA Map 48439C 0290 H, dated August 2, 1995." A "Flood Plain Map" attached to the appraisal also showed the property was in the "Zone AE" flood zone. According to the record, CAP received a copy of the June 2007 appraisal shortly before the closing. Additionally, Patten acknowledged during his deposition that in June 2007, at or near closing, he signed two documents—a "Department of Homeland Security Federal Emergency Management Agency Standard Flood Hazard Determination" and a "Notice of Special Flood Hazards and Availability of Federal Disaster Relief Assistance"—that indicated at least part of the property was located in the 100-year flood plain. Patten disputed those documents put him on notice of the flood plain,

stating, "[Y]ou get a whole stack of documents" at closing.[1]

On June 27, 2007, CAP closed on a $5 million loan with Legend Bank for the property with $200,000 down, and $104,232.45 paid for closing and associated costs. Schaumburg and Pana each made approximately $1 million from the sale of the property to CAP. CAP entered into a joint venture with Schaumburg as additional consideration for the purchase, which was between CAP and Schaumburg's company, Urban Contractors. After paying on the note for a little over two years, CAP was unable to continue paying, and the bank foreclosed on the property in 2009.

In September 2010, CAP sued Schaumburg, Legend Bank, McDade, Pana, and other defendants for negligence, gross negligence, negligent misrepresentation, common law fraud, statutory fraud, fraud in the inducement, and conspiracy. CAP alleged that the defendants had failed to disclose to CAP certain facts about the property, e.g., that a large portion of the land was located in a 100-year flood plain and could not be developed in the manner in which it had been drawn up by Schaumburg, and that the land was not worth "anywhere near" the $10.25 million for which it had been originally appraised.

After answering, the defendants moved for summary judgment. McDade filed a traditional summary judgment motion that argued, in part, CAP's claims against it were barred by the statute of limitations. The trial court granted McDade's motion and severed CAP's claims against him into a new cause number. The summary judgment was affirmed by this Court on limitations grounds. *See McDade,* 400 S.W.3d at 219. The Schaumburg defendants likewise moved for traditional summary judgment by arguing, in part, that CAP's claims failed as a matter of law because CAP knew the property was located in a 100-year flood plain before

---

[1] As we noted in an earlier opinion, "a party who signs a document is presumed to know it contents." *Collective Asset Partners, LLC v. Michael Ken Schaumburg and Schaumburg Architects, P.C.*, No. 05–13–00040–CR, 2014 WL 1418109, at \*3 (Tex. App.—Dallas April 11, 2014, no pet.) (citing *In re Lyon Fin. Serv., Inc.*, 257 S.W.3d 228, 232 (Tex. 2008)).

–4–

purchase, and the property was and still is developable despite being in a 100-year flood plain. The trial court granted summary judgment for Schaumburg and severed CAP's claims against Schaumburg into a new cause number. That summary judgment was also affirmed by this Court. *See Schaumburg*, 2014 WL 1418109, at *8.

The traditional and no-evidence summary judgment motion filed by appellees Pana, ACCP, and Firenze Management was granted by the trial court on January 31, 2013. Among other arguments, appellees' motion for summary judgment asserted that CAP had based its claims against appellees "entirely upon the now-dismissed claims against the Schaumburg Defendants, and in particular, Ken Schaumburg, who allegedly acted as agent for ACCP (the selling party)," and that "[s]ince the Court held that the Schaumburg Defendants breached no duty to CAP as a matter of law, no breach may be found against the alleged principals, [appellees]." The trial court's order did not specify the grounds on which it granted summary judgment. CAP nonsuited its claims against Legend Bank, making the summary judgment order final.

## DISCUSSION

In one issue, CAP argues the trial court erred by denying its special exceptions[2] and granting summary judgment for appellees on CAP's claims of common law fraud and statutory fraud[3] based on the following grounds argued by appellees: (a) Pana did not make a false representation and did not commit common law fraud; (b) Pana did not commit statutory fraud because he truthfully asserted the property could be developed; (c) knowledge was imputed

---

[2] CAP's response to appellees' motion for summary judgment included special exceptions to the motion. The trial court's order granting appellees' no-evidence and traditional motion for summary judgment also denied the special exceptions. CAP's brief did not cite any legal authority or provide analysis showing that the trial court should have granted the special exceptions. Thus, to the extent CAP is attempting to raise that issue in this appeal, we conclude it is inadequately briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1(h), (i); *Bullock v. Am. Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied).

[3] CAP asserted other causes of action but does not challenge the trial court's order granting summary judgment on its other causes of action; therefore, we need not address those issues. *See* TEX. R. APP. P. 47.1.

between Schaumburg and CAP because they entered into a joint venture; (d) CAP was a "sophisticated buyer" and a lower duty applied; (e) Pana did not proximately cause CAP's damages because the property could be developed; and (f) no evidence existed for CAP's common law and statutory fraud claims.

### *Standard of Review*

We review the trial court's summary judgment de novo. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We apply well-established standards for reviewing summary judgments. *See* TEX. R. CIV. P. 166a(c), (i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009) (no-evidence summary judgment standard of review); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985) (traditional summary judgment standard of review). A traditional motion for summary judgment must show there is no genuine issue as to a specified material fact and, therefore, the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). For a defendant to prevail on a traditional motion for summary judgment, he must either disprove at least one element of the plaintiff's claim as a matter of law, or conclusively establish all elements of an affirmative defense. *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex. 1996); *Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied). If the movant meets its burden, then and only then must the non-movant respond and present evidence raising a fact issue. *See Rhone Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999).

A no-evidence motion for summary judgment under rule 166a(i) must challenge specific elements of the opponent's claim or defense on which the opponent will have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The opponent must then present summary judgment evidence raising a genuine issue of material fact to support the challenged elements. *Id*. A genuine issue of material fact exists if the non-movant produces more than a scintilla of evidence supporting

the existence of the challenged element. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).

Since the trial court's order granting final summary judgment does not specify the grounds on which it granted summary judgment, the court's judgment will be affirmed if any of the grounds presented in the motion for summary judgment support the judgment. *See Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied).

### *Common Law Fraud*

In its second amended petition, the "live" pleading, CAP alleged that appellees and the other defendants engaged in common law fraud by knowingly or recklessly disregarding facts and artificially inflating the cost of the property, and providing false or misleading information regarding the development of the property and its location in a 100-year flood plain. In their motion for summary judgment, appellees argued, in part, that CAP's common law fraud claim failed as a matter of law because Schaumburg, and therefore Pana, did not make any false representations.

In its brief, CAP argued that "Schaumburg, who informed Pana of all he knew about the property, made material misrepresentations that were false to induce CAP to enter into a contract to purchase the Property from Schaumburg." Those false representations—of which Pana allegedly "was aware and remained silent"—included false representations to the appraisers regarding the effect of the flood plain on the property and then providing the product of those false statements to CAP in the form of the finished appraisal; the drawings provided to the appraiser, which Schaumburg said could be built on the property, when they could not be built; the statement to CAP and the appraiser that the original seller was in distress; Schaumburg's entering into a joint venture with CAP to develop or sell the property when he had no intention of actually developing the property with CAP. CAP added that "[b]ecause Schaumburg shared

this information with Pana, Pana is also liable."

To succeed on its common law fraud claim, CAP needed to establish (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Schaumburg*, 2014 WL 1418109, at *7; *Fath v. CSFB 1999–C1 Rockhaven Place Ltd. P'ship*, 303 S.W.3d 1, 5 (Tex. App.—Dallas 2009, pet. denied).

In our opinion affirming the Schaumburg defendants' summary judgment, we decided that Schaumburg conclusively negated the second element of CAP's common law fraud claim because Schaumburg did not provide any false information regarding the property and because any alleged false statements to McDade regarding the appraisal could not have been the proximate cause of any injuries. *See Schaumburg*, 2014 WL 1418109, at *7. As appellees indicated in their motion for summary judgment, and as CAP's brief in this appeal shows, appellees' liability, if any, for common law fraud is predicated on Schaumburg's conduct in the real estate transaction and Schaumburg's testimony that he shared all the information he had with Pana. We conclude that, because appellees' liability, if any, for common law fraud is predicated on the conduct of Schaumburg, and because Schaumburg is not liable, neither are appellees. Accordingly, the trial court did not err by granting traditional summary judgment on CAP's claim against appellees for common law fraud.[4]

---

[4] CAP's brief listed other alleged false representations. However, as we stated in *Schaumburg*, most of them are based on Schaumburg's dealings with the appraiser, McDade, and do not support CAP's claims against Schaumburg. *See Schaumburg*, 2014 WL 1418109, at *7 n.5. Furthermore, those representations were not included in paragraphs fourteen through nineteen of the second amended petition, which CAP incorporated by reference in support of its common law fraud claim. *See id.* Given the derivative nature of CAP's claims against appellees, we see no reason to reach a different conclusion in this proceeding.

*Statutory Fraud*

In the second amended petition, CAP alleged that appellees' and the other defendants' false representations regarding the development of the property and its location in a 100-year flood plain were made for the purpose of inducing CAP into purchasing the land at issue, and that the false representations were relied upon by CAP in entering into the real estate transaction and contracts. In their motion for summary judgment, appellees argued, in part, that CAP's statutory fraud claim failed as a matter of law because Schaumburg fully disclosed the presence of the flood plain and truthfully asserted he could develop the property. In its appellate brief, CAP argued its statutory fraud claims survived summary judgment because the property could not be developed as Schaumburg portrayed. In addition, Schaumburg never intended for those designs to be built on the property, and he informed Pana of this intention. CAP also alleged that Schaumburg failed to disclose "numerous impediments to developing the Property," of which he informed Pana, and, finally, that "Pana remained silent so that the sale would close and he would profit over $900,000."

The elements of statutory fraud are (1) a transaction involving real estate or stock; (2) the defendant made a false representation of a past or existing material fact or made a promise to do an act with the intention of not fulfilling it; (3) the false representation or promise was made for the purpose of inducing the claimant to enter into a contract; and (4) the plaintiff relied on the false representation or promise in entering into the contract. *Schaumburg*, 2014 WL 1418109, at *7; *Anderton v. Cawley*, 378 S.W.3d 38, 56–57 (Tex. App.—Dallas 2012, no pet.); *see* TEX. BUS. & COMM. CODE ANN. 27.01(a)(1) (West 2009).

In our *Schaumburg* opinion, we concluded Schaumburg conclusively negated the essential element of "false representation" under section 27.01(a)(1) in that it was neither unfair nor deceptive when he characterized the property as developable because the January 22, 2007

engineering report indicated that the property could be developed. *See Schaumburg*, 2014 WL 1418109, at *7. As with CAP's common law fraud claim, appellees' liability, if any, for statutory fraud under section 27.01(a)(1) is predicated on Schaumburg's conduct. As a result, because there is no genuine issue of material fact regarding Schaumburg's liability to CAP for statutory fraud, appellees are also entitled to summary judgment on that claim.

Additionally, as we stated in *Schaumburg*, there is no fact issue here for statutory fraud under section 27.01(a)(2) for "false promises." *See id*. Although CAP states in its brief that it alleged claims under both 27.01(a)(1) for "false representations" and section 27.01(a)(2) for "false promises," a careful reading of CAP's second amended petition shows that is not the case. *See id*. Under the "Statutory Fraud" section of CAP's second amended petition, it repeatedly references "false representations" that were allegedly made but does not state any claims for "false promises." Thus, since CAP did not allege a violation of section 27.01(a)(2), we do not consider CAP's arguments in support of such a claim. The trial court, consequently, did not err by granting traditional summary judgment on CAP's claim against appellees for statutory fraud or common law fraud. We overrule appellant's issue.

We affirm the trial court's judgment.


130552F.P05

/ Lana Myers  
LANA MYERS  
JUSTICE

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COLLECTIVE ASSET PARTNERS, LLC,
Appellant

No. 05-13-00552-CV     V.

BERNARDO K. PANA, ACCP, LP, AND
FIRENZE MANAGEMENT, LLC, Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-11451-L.
Opinion delivered by Justice Myers.
Justices Lang and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees BERNARDO K. PANA, ACCP, LP, AND FIRENZE MANAGEMENT, LLC recover their costs of this appeal from appellant COLLECTIVE ASSET PARTNERS, LLC.

Judgment entered this 11th day of July, 2014.