

# NUMBER 13-13-00368-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHN H. CARNEY & ASSOCIATES,                                      Appellant,

v.

MICHAEL ROSELLINI, D.D.S.,                                        Appellee.

## On appeal from the 193rd District Court
## of Dallas County, Texas.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Garza
## Memorandum Opinion by Justice Rodriguez

This summary judgment proceeding involves an attorney-client contract.[1]   By

three issues, appellant John H. Carney & Associates (the Carney Firm) contends that the

---

[1] This case is before the Court on transfer from the Fifth Court of Appeals in Dallas pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

trial court erred in granting summary judgment in favor of appellee Michael Rosellini, D.D.S., on its breach-of-contract cause of action. We affirm.

## I. BACKGROUND[2]

The Carney Firm represented Rosellini's daughter, Jill Rosellini Ombrello, in a medical malpractice lawsuit.[3] Both Rosellini and Ombrello signed an attorney-client agreement with the Carney Firm for that representation. Ombrello's medical malpractice case was tried to a jury. When the jury returned a take nothing judgment, Ombrello recovered the sum of $60,000 pursuant to a High-Low Settlement Agreement.

The insurance company, Texas Medical Liability Trust, issued a $60,000 check designating the Carney Firm and Ombrello as joint payees. It is undisputed that after issuance, John H. Carney endorsed the check for the law firm and for Ombrello as her power of attorney. Yet Rosellini and Ombrello stated in their respective summary-judgment affidavits that Carney did not have the power to sign for Ombrello. Nonetheless, after the check issued, the parties could not agree as to whether the contract set out that expenses were to be paid before attorney's fees were taken out of the recovery or after attorney's fees were taken out.[4] The Carney Firm maintained that

---

[2] As this is a memorandum opinion and the parties are familiar with the facts and all issues of law presented by this case are well settled, we will not recite the facts or the law here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[3] The medical malpractice case, *Rosellini v. COR Providers, P.A., et al.*, trial court cause number 08-01478, was tried in the 298th District Court, Dallas County, Texas, in the fall of 2011.

[4] Paragraph 9, the expenses paragraph of the parties' attorney-client agreement, about which the parties disagree, provides the following:

> The expenses of litigation, including filing fees, court costs, expenses of investigation, expenses of depositions, examinations and the like and the costs of obtaining and presenting evidence are to be borne by the Client. The Client will advance such expenses when billed from time to time by the Attorney or the Attorney may advance

2

the amount of attorney's fees was $24,000—40% of the $60,000 recovery or the "gross recovery"—and that there were $43,872.13 in unpaid expenses.[5]   Rosellini claimed that the Carney Firm should have paid the expenses first, taken 40% of the "net recovery" as its fee, and delivered the balance of the funds to Ombrello.

It is undisputed that Ombrello never received any money from the recovery.   And even if the legal fees were taken out of the gross recovery, Rosellini asserts that the Carney Firm did not provide an accounting of what happened with the $60,000, specifically what expenses were paid with the remaining $36,000.   He also claims that the Carney Firm never presented a bill for $7,782.13 (the difference between the alleged unpaid expenses of $43,872.13 and the $36,000).

On January 24, 2012, the Carney Firm sued Rosellini for breach of contract for unpaid legal fees and/or expenses.   Rosellini answered, generally denying the Carney

---

expenses that appear to the Attorney to be reasonably necessary for the prosecution of the aforementioned claims (including court costs, expenses of investigation, expenses of examinations, and the costs of obtaining and presenting evidence).   Attorney may request the Client to advance sums against costs to be incurred.   To the extent that such expenses are not paid prior to settlement or other recovery, such amounts will be payable from the gross recovery.   The Client shall remain liable for all such expenses in the event that a settlement or judgment is not obtained.

[5] Rule 1.04(d) of the Texas Disciplinary Rules of Conduct provides the following:

A fee may be contingent on the outcome of a matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (e) or other law.   A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined.   If there is to be a differentiation in the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, the percentage for each shall be stated.   The agreement shall state the litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated.   Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement describing the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

TEX. DISCIPLINARY R. PROF 'L CONDUCT 1.04(d).

3

Firm's breach-of-contract claim. He also asserted, among other defenses, that his performance was excused by a superseding agreement on payment of expenses and by the Carney Firm's prior breach of the underlying contract or agreement. Rosellini counterclaimed against the Carney Firm for breach of contract and for breach of fiduciary duty.

On January 30, 2013, the Carney Firm filed a traditional and no-evidence motion for summary judgment on Rosellini's counterclaims. On February 25, 2013, the trial court granted the Carney Firm's motion and dismissed Rosellini's counterclaims with prejudice.[6]

On January 30, 2013, the Carney Firm filed a separate motion for summary judgment on its breach-of-contract claim against Rosellini, asserting it had satisfied all elements of its claim, including: (1) the existence of a valid contract between the parties; (2) plaintiff's performance under the contract; (3) defendant's breach; and (4) damages as a result of the breach. *See Hackberry Creek Country Club, Inc., v. Hackberry Creek Home Ass'n*, 205 S.W.3d 46, 55 (Tex. App.—Dallas 2006, pet. denied) (setting out the elements for breach of contract). By a separate order on February 25, 2013, the trial court denied the Carney Firm's summary judgment motion on its breach-of-contract claim against Rosellini.

On February 28, 2013, Rosellini filed a motion for summary judgment.[7] Because

---

[6] Rosellini has not filed a cross-appeal challenging the trial court's February 25, 2013 order granting the Carney Firm's motion on his counterclaims and dismissing those claims with prejudice. Instead, he acknowledges that the only motion that forms the basis of this appeal is his motion for partial summary judgment filed on February 28, 2013.

[7] It is unclear from our review of Rosellini's motion as to why he titled it a "partial motion for summary judgment" because the motion addressed all claims filed in the trial court—the Carney Firm's claim against

4

the trial court dismissed all other claims with prejudice three days earlier, our review addresses only the ground that Rosellini expressly presented to defeat the Carney Firm's breach-of-contract claim against him.[8] As to the breach element—the sole element challenged in his motion—Rosellini argued, in sum, that the contract allowed Ombrello and Rosellini to wait for the settlement to pay expenses, so there was no breach.[9] His argument in support of his motion on this ground follows:

> Looking at the terms of paragraph 9, it says that the client will bear the expenses but Carney can advance expenses and costs. It says Carney can request the clients "advance" expenses when billed and that Carney can request advance of expenses to be incurred. But, it does not require the client to pay expenses at any particular time. . . . Most importantly, the contract provides that "To the extent that such expenses are not paid prior to settlement or other recovery, such amounts will be payable from the gross recovery." This specific provision controls over the others in paragraph 9.
>
> . . . .

Rosellini and Rosellini's counterclaims against the Carney Firm.

[8] Rosellini urged other grounds in his motion, which he claimed established the elements of his counterclaims against the Carney Firm. Those grounds were not relevant to the trial court's determination of Rosellini's motion as to the Carney Firm's breach-of-contract claim against him. And we will not address them as they are not dispositive of this appeal. *See* TEX. R. APP. P. 47.1.

[9] For the breach element of the Carney Firm's claim, Rosellini outlined the following alternative summary-judgment grounds—grounds that he claimed excused his performance: (1) the Carney Firm improperly calculated its attorney's fee; (2) the Carney Firm failed to pay the expenses as required by the contract and demanded payment of $43,000 without crediting $36,000 toward the payment of expenses; (3) John H. Carney negotiated the $60,000 settlement check without Ombrello's signature; and (4) the Carney Firm failed to provide Rosellini with an accounting in violation of disciplinary rule 1.14. *See Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994) ("A fundamental principle of contract law is that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from any obligation to perform."). However, Rosellini did not include these excuse grounds in his later discussion of the breach element. So Rosellini's motion cannot stand on these alternative affirmative-defense grounds alone. *See* TEX. R. CIV. P. 166a(c); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). Moreover, because the trial court's order granting summary judgment did not specify the ground or grounds on which it was based, *see Jarvis v. Rocanville* Corp., 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied), our analysis of the remaining ground is dispositive of this appeal. *See* TEX. R. APP. P. 47.1.

Furthermore, it is highly relevant that Carney did not declare a breach of contract prior to the recovery. Carney, too, was waiting to see if the recovery would cover all the expenses. Indeed, that was a principal reason why the High-Low Agreement was entered into.

The explicit provision that unpaid expenses are payable from the gross recovery is clear. It also leads to the conclusion that a reasonable client would believe that he can wait until recovery to find out if the recovery will cover all the unpaid expenses and there was no necessity to pay the expenses when billed . . . .

After a hearing on Rosellini's motion, the trial court found that Rosellini was entitled to summary judgment "with respect to [the Carney Firm's] cause of action against [Rosellini] for breach of contract." The trial court granted Rosellini's motion without stating the bases for its ruling. After the trial court denied the Carney Firm's motion to reconsider, the Carney Firm filed this appeal.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision to grant or deny a motion for summary judgment de novo. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Beesley v. Hydrocarbon Separation, Inc.*, 358 S.W.3d 415, 418 (Tex. App.—Dallas 2012, no pet.). For Rosellini, the defendant in this case, to prevail on his traditional motion for summary judgment, he must either disprove at least one element of the plaintiff's claim as a matter of law, or conclusively establish all elements of an affirmative defense. *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 831–32 (Tex. App.—Dallas 2014, no pet.) (citing *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex. 1996) (per curiam); *Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied)). And Rosellini must present a motion for summary judgment that expressly presents the grounds upon which it is made, and the

motion must stand or fall on these grounds alone.  *See* TEX. R. CIV. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993).

The Carney Firm, the nonmovant in this case,

need not answer or respond to a motion for summary judgment to contend on appeal that the grounds expressly presented by the movant's motion are insufficient as a matter of law to support summary judgment; however, the nonmovant may not raise on appeal any other issues as grounds for reversal. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). In other words, except to attack the legal sufficiency of the movant's grounds for summary judgment, the non-movant must expressly present to the trial court in a written answer or response to the motion any reason for avoiding the movant's entitlement to summary judgment. TEX. R. CIV. P. 166a(c); *see also D.R. Horton–Texas, Ltd. v. Markel Int'l Ins. Co., Ltd.*, 300 S.W.3d 740, 743 (Tex. 2009) (nonmovant "must present its objections to a summary judgment motion expressly by written answer or other written response to the motion in the trial court or that objection is waived"). In order to "expressly present" the non-movant's reasons for avoiding summary judgment, the written answer or response to the motion for summary judgment must fairly apprise the movant and the trial court of the issues the nonmovant contends should defeat the motion for summary judgment. *See Tello v. Bank One, N.A.*, 218 S.W.3d 109, 119 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing TEX. R. CIV. P. 166a(c)). Additionally, when a party moves for summary judgment on multiple grounds and the trial court's order granting summary judgment does not specify the ground or grounds on which it was based, a party who appeals that order must negate all possible grounds upon which the order could have been based by either asserting a separate issue challenging each possible ground, or asserting a general issue that the trial court erred in granting summary judgment and within that issue providing argument negating all possible grounds upon which summary judgment could have been granted. *See Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied). If an appellant does not challenge each possible ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground. *See id.*

*Shih v. Tamisiea*, 306 S.W.3d 939, 944–45 (Tex. App.—Dallas 2010, no pet.).

7

**A.    The Breach Element**

By its first issue, the Carney Firm contends that the trial court erred in finding that Rosellini did not breach the attorney-client agreement.   *See Hackberry Creek Country Club,* 205 S.W.3d at 55.   It asserts that "the trial court's finding that [Rosellini] did not breach the contract came from the calculation of expenses under the trial court's interpretation of the contact provisions."   We disagree.

In support of this issue, the Carney Firm presents the following arguments:

1.    Summary judgment should not be granted if a contractual provision is subject to more than one reasonable interpretation.

2.    Appellee is liable for expenses pursuant to common law contract principals.

3.    Appellee is liable for attorney's fees pursuant to common law contract principals.

4.    Appellee offered insufficient evidence to refute Appellant's evidence on the record.

5.    Appellee was the guarantor on the contract and failed to meet his obligations.

Although the Carney Firm did not make the first four arguments in response to Rosellini's motion for summary judgment, these arguments could arguably be construed as legal sufficiency attacks.   If such, we may review them for the first time on appeal. *See* Tex. R. Civ. P. 166a(c); *D.R. Horton–Tex., Ltd.*, 300 S.W.3d at 743; *Shih*, 306 S.W.3d at 944.   However, after reviewing the text of the first four appellate arguments made by the Carney Firm, we conclude that these arguments only attack the interpretation of the contract as it relates to the determination of whether attorney's fees should be calculated

before or after the deduction of expenses. These arguments do not address the interpretation of the contract with regard to whether it allowed Ombrello and her father to wait for settlement to pay the expenses, a ground that Rosellini expressly presented to the trial court. *See* TEX. R. CIV. P. 166a(c); *Sci. Spectrum*, 941 S.W.2d at 912; *McConnell*, 858 S.W.2d at 341. Because these arguments neither challenge nor negate the theory advanced by Rosellini in his motion, we cannot reverse the summary judgment on the basis of any one of the first four arguments. *See Jarvis*, 298 S.W.3d at 313; *see also Shih*, 306 S.W.3d at 945.

The Carney Firm did present the fifth argument—that Rosellini "was the guarantor on the contract and failed to meet his obligations"—in its response to Rosellini's motion. Again, however, even were we to agree that Rosellini was the guarantor on the contract, the text of this argument made to the trial court and now to this Court is dependent upon an interpretation regarding how the attorney's fees are to be calculated and not on an interpretation regarding when Rosellini was to pay those expenses. The response did not expressly set out or fairly apprise Rosellini or the trial court how the argument would defeat the ground asserted in Rosellini's motion for summary judgment. *See Tello*, 218 S.W.3d at 119 (citing TEX. R. CIV. P. 166a(c)); *see also Shih*, 306 S.W.3d at 945.

Because this fifth argument does not address the ground presented on the breach element in Rosellini's motion, it, too, fails to provide support for the Carney Firm's contention that the trial court erred in finding Rosellini did not breach the attorney-client agreement. *See Jarvis*, 298 S.W.3d at 313; *see also Shih*, 306 S.W.3d at 945.

We overrule the Carney Firm's first issue.

9

## B.    Performance and Damage Elements

By its second and third issues, the Carney Firm asserts that the trial court erred in finding that it failed to perform under the attorney-client agreement and in finding that it did not suffer damages. *See Hackberry Creek Country Club,* 205 S.W.3d at 55. However, Rosellini did not attempt to disprove these elements in his motion for summary judgment. *See Woodhaven Partners*, 422 S.W.3d at 831–32. Because these issues are not dispositive of this appeal, we need not address them. *See* TEX. R. APP. P. 47.1; *Sci. Spectrum*, 941 S.W.2d at 912; *McConnell*, 858 S.W.2d at 341; *see also* TEX. R. CIV. P. 166a(c).

## C.    Summary

The only ground upon which the trial court could have granted summary judgment for Rosellini on the Carney Firm's breach-of-contract claim was Rosellini's contention that he did not breach the contract because the contract allowed Ombrello and Rosellini to wait for the settlement recovery before they had to pay any expenses. Because the Carney Firm failed to negate or challenge this ground, we must uphold the judgment in favor of Rosellini on the ground presented. *See Jarvis*, 298 S.W.3d at 313; *see also Shih*, 306 S.W.3d at 945.

## IV.    CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 22nd
day of January, 2015.

10