**Louise SHIH, Appellant,**

v.

**David A. TAMISIEA and Sheef & Stone, L.L.P., Appellees.**

**No. 05–08–01229–CV.**

Court of Appeals of Texas, Dallas.

Feb. 26, 2010.

Paul M. Hood, Sue Y. Moulliet, Law Offices of Sue Y. Moulliet, Dallas, TX, for Appellant.

Tom C. Clark, Dealey, Zimmermann, Clark, Malouf & MacFarlane, PC, Dallas, TX, for Appellee.

Before Justices MOSELEY, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

Appellant Louise Shih sued appellees David A. Tamisiea and Sheef & Stone, L.L.P., asserting claims for professional negligence, violation of the Texas Deceptive Trade Practices Act (DTPA), and breach of fiduciary duty. In three issues, Shih appeals the trial court's summary judgment orders dismissing her claims against appellees. We affirm the trial court's summary judgment in favor of appellees on Shih's claims for violation of the DTPA and breach of fiduciary duty. We reverse the summary judgment on the professional-negligence claim and remand.

## Factual Background

Because appellees sought and obtained summary judgment in this case based on Shih's pleadings, we recite the following facts in the light most favorable to Shih. *See Murphy v. Gruber*, 241 S.W.3d 689, 691 n. 2 (Tex.App.-Dallas 2007, pet. denied). We recognize that appellees dispute some of Shih's contentions.

### The Restaurant

Shih invested money in a new restaurant by purchasing shares of ABF Choices, Inc., the entity that leased retail space for the restaurant. Shih also signed a personal guarantee of the lease payments. The restaurant developers contracted with Momentum Group, Inc. for construction work to finish out the retail space leased for the restaurant. Shih attended one preliminary meeting with Momentum, but she did not negotiate, approve, or sign the contract with Momentum. Without Shih's knowledge or consent, she was listed as a party to the Momentum contract.[1] Momentum later stopped work and filed a mechanic's lien on the landlord's real property claiming it was owed money under its construction contract for the lease finish out.

### The Restaurant Lawsuit

The landlord threatened to cancel the lease because of the lien. One of the restaurant developers (not Shih) contacted a lawyer for legal advice. The lawyer suggested that the restaurant developers file a declaratory judgment action to have the mechanic's lien declared invalid and referred the restaurant developers to Tamisiea, who was employed by the law firm of Sheef & Stone. Tamisiea filed suit against Momentum on behalf of Shih and others listed on the Momentum contract.[2] Shih contends that Tamisiea did so without her knowledge and without her permission. Momentum counterclaimed against the plaintiffs, including Shih, for approximately $81,000 allegedly due under the construction contract. A few months later, Tamisiea withdrew from the case because his invoices for legal services were not paid. After Tamisiea withdrew, Momentum moved for and obtained summary judgment on its counterclaim against Shih and the other plaintiffs, after which Momentum filed a judgment lien for approximately $81,000 against Shih's real property in Carrollton, Texas. According to Shih, she first learned about the lawsuit, the counterclaim, the judgment, and the judgment lien when she tried to sell her Carrollton property. To remove the judgment lien, Shih hired a lawyer who succeeded in overturning the summary judgment on restricted appeal.[3] After the case was remanded, Shih withdrew her claims against Momentum and proceeded to trial on Momentum's claim against Shih. The trial court granted Shih a directed verdict that Momentum take nothing on its claim against Shih.

---

1. The contract states that it is "a contractual relationship between an Owner and a Design/Builder" and lists the "OWNER" as "Anthony Han/Louise Shih/David Wang." It is undisputed that the contract was signed by someone other than Shih.

2. It appears that the suit was actually filed against Momentum's owner, "Wen–Jiang Mei f/k/a Momentum Group, Inc." But for simplicity, we refer to the counterparty in the underlying suit as Momentum.

3. More specifically, this Court reversed the summary judgment against Shih on restricted appeal after concluding that there was error apparent from the face of the record because Momentum's motion for summary judgment and notice of the summary-judgment hearing were served on Tamisiea more than three months after the trial court had ordered Tamisiea withdrawn as counsel for Shih. *See Shih v. Mei*, No. 05–04–00900–CV, 2005 WL 225271, at *2 (Tex.App.-Dallas Feb. 1, 2005, no pet.) (mem.op.).

### Shih's Lawsuit Against Appellees

In her original petition, Shih sued appellees for professional negligence alleging that they violated the duty of care and were negligent "when they commenced the lawsuit in question in the name of [Shih] without her knowledge or consent, and thereafter withdr[ew] from the case causing a [s]ummary [j]udgment to be entered against [Shih]." Shih sought to recover as damages the attorneys' fees she incurred to set aside Momentum's summary judgment and to defend against Momentum's claim. Appellees answered asserting a general denial and various other defenses. Appellees also counterclaimed against Shih asserting alternative claims for breach of contract and quantum meruit alleging that they provided services to Shih for which they were owed payment. After appellees filed their counterclaim, Shih supplemented her petition to add claims for breach of fiduciary duty and violation of the DTPA.

### Appellees' First Motion for Summary Judgment

Appellees moved for traditional summary judgment under Texas Rule of Civil Procedure 166a(c) on the ground that Shih's claims for breach of fiduciary duty and violation of the DTPA are barred as a matter of law because they are impermissibly fractured professional-negligence claims.[4] Appellees also moved for no-evidence summary judgment under Texas Rule of Civil Procedure 166a(i) on the grounds that Shih had no evidence of unconscionability or producing cause to support her DTPA claim, and that Shih had no evidence of (1) producing cause, (2) an improper benefit to appellees, or (3) compensable damages, to support her fiduciary-duty claim.[5]

Shih filed a response and summary-judgment evidence. In response to appellees' traditional motion for summary judgment on her DTPA claim, Shih complained that appellees did not file an answer to her supplemental petition asserting the DTPA claim and generally argued that a plaintiff can sue a professional under the DTPA and that she is entitled to recover attorneys' fees as part of her DTPA claim. Shih did not address appellees' argument that her DTPA and fiduciary-duty claims were impermissibly fractured claims for professional negligence. The trial court granted summary judgment in favor of appellees on Shih's DTPA and fiduciary-duty claims without stating the ground or grounds for its ruling.

### Appellees' Second Motion for Summary Judgment

In their second motion for summary judgment, appellees argued that Shih's claim for professional negligence failed as a matter of law because the two types of damages she sought—attorneys' fees and loss of use of money—are not recoverable.[6] More specifically, relying heavily on this

---

4. When plaintiffs have asserted a claim for professional negligence against lawyers, defendants have moved for summary judgment on the ground that the plaintiffs' other claims are impermissibly fractured claims for professional negligence. *See, e.g., Murphy*, 241 S.W.3d at 692; *Walker v. Morgan*, No. 09–08–00362–CV, 2009 WL 3763779, at *3 (Tex. App.-Beaumont Nov. 12, 2009, no pet.) (mem. op.); *Duerr v. Brown*, 262 S.W.3d 63, 70 (Tex. App.-Houston [14th Dist.] 2008, no pet.).

5. In their first motion for summary judgment appellees also moved for traditional and no-

evidence summary judgment on Shih's professional-negligence claim. The trial court denied the first motion for summary judgment on Shih's professional-negligence claim and that ruling is not at issue in this appeal.

6. At the time that appellees filed their second motion for summary judgment, Shih was also seeking to recover mental-anguish damages and the amount of the judgment against her that was later vacated in the underlying case, and appellees also moved for summary judgment as to those types of damages. But the

Court's recent decision in *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National Development and Research Corp.*, 232 S.W.3d 883 (Tex.App.-Dallas 2007), *reversed*, 299 S.W.3d 106 (Tex.2009) (hereinafter *"Akin"*), which was pending before the supreme court at the time of the summary-judgment proceedings in this case,[7] appellees argued that "attorneys fees cannot be recovered as damages for malpractice." Appellees also noted that Shih was seeking as damages money she could have made in the stock market, i.e. "loss of investment damages," and argued that the only appropriate measure for loss of use of money is the applicable prejudgment interest rate at the time the judgment is entered.

Shih filed a response in which she argued that *Akin* is distinguishable and noted that the issue of whether a plaintiff like Shih can recover attorneys' fees as damages in a subsequent claim for professional negligence "is the subject of wide debate among appellate courts of Texas." Shih did not respond to appellees' argument that she was not entitled to recover damages for loss of use of money, and the trial court's summary-judgment order recites that Shih non-suited her claim for "loss of investment damages." The trial granted summary judgment in favor of appellees and ordered that "Shih take nothing on her professional negligence cause of action against [appellees] seeking recovery for: (1) loss of use of funds and (2) attorney fees incurred in the underlying suit as damages in this case."

## APPLICABLE LAW

■ A party that moves for traditional summary judgment has the burden of proving that it is entitled to judgment as a matter of law on the grounds expressly set out in its motion. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). A nonmovant need not answer or respond to a motion for summary judgment to contend on appeal that the grounds expressly presented by the movant's motion are insufficient as a matter of law to support summary judgment; however, the nonmovant may not raise on appeal any other issues as grounds for reversal. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). In other words, except to attack the legal sufficiency of the movant's grounds for summary judgment, the nonmovant must expressly present to the trial court in a written answer or response to the motion any reason for avoiding the movant's entitlement to summary judgment. TEX.R. CIV. P. 166a(c); *see also D.R. Horton–Texas, Ltd. v. Markel Int'l Ins. Co., Ltd.*, 300 S.W.3d 740, 743 (Tex. 2009) (nonmovant "must present its objections to a summary judgment motion expressly by written answer or other written response to the motion in the trial court or that objection is waived"). In order to "expressly present" the nonmovant's reasons for avoiding summary judgment, the written answer or response to the motion for summary judgment must fairly apprise the movant and the trial court of the issues the nonmovant contends should defeat the motion for summary judgment. *See Tello v. Bank One, N.A.*, 218 S.W.3d 109, 119 (Tex.App.-Houston [14th Dist.] 2007, no pet.) (citing TEX.R. CIV. P. 166a(c)).

■ Additionally, when a party moves for summary judgment on multiple

---

trial court's summary-judgment order states that Shih non-suited those damages claims.

7. Appellees filed their second motion for summary judgment in February 2008 and the trial court granted that motion in June 2008. The petition for review in *Akin* was filed in November 2007 and the supreme court granted the petition for review in August 2008.

grounds and the trial court's order granting summary judgment does not specify the ground or grounds on which it was based, a party who appeals that order must negate all possible grounds upon which the order could have been based by either asserting a separate issue challenging each possible ground, or asserting a general issue that the trial court erred in granting summary judgment and within that issue providing argument negating all possible grounds upon which summary judgment could have been granted. *See Jarvis v. Rocanville Corp.,* 298 S.W.3d 305, 313 (Tex.App.-Dallas 2009, pet. denied). If an appellant does not challenge each possible ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground. *See id.*

### ANALYSIS

### Shih's DTPA Claim

■ In her first issue, Shih makes several alternative arguments as to why the trial court erred in granting summary judgment in favor of appellees on Shih's DTPA claim. Shih restates appellees' grounds for summary judgment on her DTPA claim as follows: "(1) professional negligence claims are exempt under the DTPA and this case does not fall within the exception for 'unconscionable conduct'; and (2) there was no evidence of unconscionable conduct or producing cause to support Shih's DTPA allegations." But Shih does not address one of the grounds raised in appellees' motion for summary judgment, that Shih's DTPA claim was an impermissibly fractured claim for professional negligence. As a result, we must affirm the summary judgment in favor of appellees on Shih's DTPA claim on the unchallenged ground that it is an impermissibly fractured claim for professional negligence. *See Jarvis,* 298 S.W.3d at 314. We overrule Shih's first issue.[8]

### Shih's Breach–of–Fiduciary– Duty Claim

■■ In her second issue, Shih argues that the trial court erred in granting summary judgment in favor of appellees on Shih's breach-of-fiduciary-duty claim because that claim was not an impermissibly fractured claim for professional negligence. More specifically, citing this Court's decision and analysis in *Murphy,* among other cases, Shih argues that the facts supporting her breach-of-fiduciary-duty claim "are separate and distinct from the negligent conduct supporting Shih's malpractice claims." But in the trial court, Shih did not challenge appellees' argument that they were entitled to summary judgment on Shih's breach-of-fiduciary-duty claim because it was an impermissibly fractured claim for professional negligence. Because Shih did not challenge that ground below and does not argue on appeal that the ground was legally insufficient, we must affirm the trial court's summary judgment in favor of appellees on Shih's claim for breach of fiduciary duty on the ground that it is an impermissibly frac-

8. Appellate courts usually address no-evidence grounds first when a summary-judgment movant raised both traditional and no-evidence grounds. *See, e.g., Kalyanaram v. Univ. of Tex. Sys.,* 230 S.W.3d 921, 925 (Tex. App.-Dallas 2007, pet. denied) ("When the motion for summary judgment presented both no-evidence and traditional grounds, we first review the propriety of the summary judgment under the no-evidence standards of rule 166a(i)."). But here, because we are required to affirm the trial court's ruling on appellees' traditional motion for summary judgment, we only address the traditional motion. And because it does not affect the outcome of this appeal, we do not address the merits of the no-evidence motion or Shih's response to that motion. *See* TEX.R.APP. P. 47.1 (opinion need only address issues "necessary to final disposition of the appeal").

tured claim for professional negligence. *See* TEX.R. CIV. P. 166a(c); *Clear Creek Basin Auth.*, 589 S.W.2d at 678. We overrule Shih's second issue.

## Shih's Professional–Negligence Claim

### 1. Attorneys' Fees as Damages

In her third issue, Shih argues that the trial court erred in granting summary judgment on the ground that she cannot recover attorneys' fees as damages, either because *Akin* is distinguishable or because it was wrongly decided. In response, appellees relied on this Court's decision in *Akin*. But after the appellate briefing was filed in this case, and after this case was argued in this Court and submitted for decision, the supreme court reversed our decision in *Akin*. *See Akin*, 299 S.W.3d at 119–24. Although the facts of *Akin* are somewhat distinguishable, the client in that case specifically challenged in the supreme court this Court's determination that the client's attorneys' fees paid in a prior lawsuit were not recoverable as damages, and the supreme court held that such fees are, in fact, recoverable "to the extent the fees were proximately caused by the defendant attorneys' negligence." *Id.* at 122. Reversing this Court's decision, the supreme court held that a plaintiff in a legal-malpractice case is not barred "from claiming damages in the malpractice case for fees it paid its attorneys in the underlying suit." *Id.* at 119.

Alternatively, appellees argue that even if this Court's decision in *Akin* is reversed by the supreme court—which it was—summary judgment on Shih's professional-negligence claim was nevertheless proper because Shih did not put forth sufficient summary-judgment evidence to support her damages claim. We cannot consider this argument, however, because it was not raised below and an appellate court can affirm a summary judgment only on the grounds expressly set out in the motion. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex.1993).

In light of the supreme court's holding in *Akin*, appellees are not entitled to summary judgment on the ground that Shih is precluded as a matter of law from seeking her attorneys' fees as damages. As a result, we sustain Shih's third issue in part and reverse the trial court's summary judgment in favor of appellees on Shih's professional-negligence claim seeking attorneys' fees as damages.

### 2. Damages for Loss of Use of Money

In her third issue, Shih also argues that "loss of use of money" damages are recoverable. But because appellees moved for summary judgment on the ground that Shih could only recover prejudgment interest for any loss of use of money, and because Shih did not respond to appellees' motion on this ground and does not argue on appeal that the ground was legally insufficient to support summary judgment, we must affirm the trial court's summary judgment as to Shih's professional-negligence claim seeking damages, other than prejudgment interest, for any loss of use of money. *See* TEX.R. CIV. P. 166a(c); *Clear Creek Basin Auth.*, 589 S.W.2d at 678.

### CONCLUSION

We affirm the trial court's summary judgment in favor of appellees on Shih's claims for violation of the DTPA and breach of fiduciary duty. We (1) reverse the trial court's summary judgment in favor of appellees on Shih's professional-negligence claim seeking attorneys' fees as damages, and (2) affirm the trial court's summary judgment as to Shih's professional-negligence claim seeking damages, other than prejudgment interest, for any

loss of use of money. We remand this cause to the trial court for further proceedings consistent with this opinion.