**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

2/2/2015

**DORIAN E. RAMIREZ, CLERK**
BY smata

ACCEPTED
13-14-00329-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/2/2015 2:02:08 PM
DORIAN RAMIREZ
CLERK

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/2/2015 2:02:08 PM
DORIAN E. RAMIREZ
Clerk

No. 13-14-00329-CV

In the
Court of Appeals
Thirteenth Supreme Judicial District
Edinburg, Texas

ALBERTO GARZA, ET AL,

APPELLANTS

VS.

MELDEN & HUNT, INC.,

APPELLEE

## APPELLANTS' REPLY TO
## BRIEF OF APPELLEE

GARCIA & MARTINEZ, L.L.P.
Adrian R. Martinez
State Bar No. 13137600
Alberto T. Garcia III
State Bar No. 00787515
6900 N. 10th Street, Suite 2
McAllen, Texas 78504
Phone: (956) 627-0455
Fax: (956) 627-0487

**ATTORNEYS FOR APPELLANTS**

# TABLE OF CONTENTS

Index of Authorities     i

Argument     1

Prayer     5

Certificate of Service     6

## INDEX OF AUTHORITIES

<u>Cases</u>                                                                      <u>Page</u>

*City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979)          3

*Houston Endowment, Inc. v. Atlantic Richfield Co.*, 972 S.W.2d 156               1
    (Tex. App.—Houston [14[th] Dist.] 1998, no pet.)

*Hudson v. Wakefield*, 711 S.W.2d 628 (Tex. 1986)                              1, 2

*M.D. Anderson Hosp. and Tumor Institute v. Willrich*,                            3
    28 S.W.3d 22 (Tex. 2000)

*Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264 (Tex. 2004)             1

*Shih v. Tamisiea*, 306 S.W.3d 939 (Tex. App.—Dallas 2010, no pet.)              4

**ARGUMENT**

Law of the Case Doctrine

Appellee first argues that under the law of the case doctrine, this Court's prior decision in *Melden & Hunt, Inc. v. Garza*, 2013 WL 3517743 (Tex. App.—Corpus Christi 2013, no pet.) ("Garza Appeal I") conclusively establishes that the limitations period for the Garza's nuisance claim accrued before September 1, 2005. Therefore, Appellee claims, it did not have to prove the nature, duration, severity, or frequency of the Garzas' injury in order to prove whether the nuisance was permanent or temporary.

The law of the case doctrine does not apply here because it only applies to questions of law and not to questions of fact. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). When a plaintiff knew or should have known of an injury in order to determine the accrual date for limitations analysis, is a question of fact. *Houston Endowment, Inc. v. Atlantic Richfield Co.*, 972 S.W.2d 156, 160 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Also, the frequency, extent and duration of the Garzas' injury, and whether such injuries are reasonably certain to continue in the future, are questions of fact. *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 281 (Tex. 2004). In Garza Appeal I this Court analyzed the facts related to when the Garzas "knew or in the exercise of ordinary diligence should have known of Melden & Hunt's alleged negligence and the alleged injury

1

resulting therefrom" in order to conclude that the negligence cause of action accrued before September 1, 2005. *Melden & Hunt, Inc.*, 2013 WL 3517743 *2. Appellee wants this Court to take the same fact determinations it made (*i.e.* when the Garzas knew or should have known…") and apply those fact determinations in this appeal. But, the law of the case doctrine does not apply to questions of fact.

The law of the case doctrine also does not apply because in Garza Appeal I the Court discussed the accrual date for the Garzas' negligence claim, whereas this appeal involves the accrual date for their nuisance claim. The Garzas did not address this Court's opinion in Garza Appeal I in the trial court or in their brief in this appeal because Garza Appeal I did not involve, or even address, the accrual of the Garza's nuisance claim. The law of the case doctrine does not apply when the issues or the facts presented in a later appeal are not substantially the same as those addressed in a prior appeal. *Hudson*, 711 S.W.2d at 630. The facts necessary to determine when a nuisance claim accrues are different than the facts necessary to determine when a negligence claim accrues. To determine when a nuisance claim accrues for limitations purposes, the factfinder determines facts relevant to the frequency, extent, and duration of the injury to determine if the injury is permanent or temporary. Those facts are not relevant to determining when a negligence claim accrues and this Court in Garza Appeal I did not analyze, or even address, those

types of facts. In fact, the opinion in Garza Appeal I does not even use the word "nuisance" a single time.

For these reasons, the law of the case doctrine is inapplicable here.

Waiver

Appellee also argues that the Garzas waived their right to challenge the legal sufficiency of its evidence establishing the accrual date of the Garzas' nuisance claim because the Garzas did not raise the same argument with the trial court. Appellee is wrong. Longstanding Texas Supreme Court case law allows a nonmovant to challenge the *legal sufficiency* of a movants' grounds for summary judgment on appeal, even if the same challenge was not made in the trial court.

As the nonmovant, the Garzas had no burden to even respond to Appellee's summary judgment motion unless Appellee conclusively established its limitations affirmative defense. *M.D. Anderson Hosp. and Tumor Institute v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). Clearly, Appellee presented no evidence whatsoever to the trial court regarding the extent, duration and frequency of the Garzas' injury, and therefore did not conclusively establish the limitations defense for nuisance. Because summary judgments must stand on their own merits, the nonmovant need not respond to the motion to contend on appeal that the movant's summary judgment proof is *insufficient as a matter of law* to support summary judgment. *Id*. As the Texas Supreme Court stated in *City of Houston v. Clear Creek Basin Auth*.,

589 S.W.2d 671, 678 (Tex. 1979) "[w]hile it would be prudent and helpful to the trial court for the non-movant always to file an answer or response, the non-movant needs no answer or response to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment." The statement in TRCP 166a(c) that issues not presented to the trial court in a written motion, answer or response will not be considered on appeal, does not prohibit the nonmovant from challenging the legal sufficiency of the movant's proof. "In other words, except to attack the legal sufficiency of the movant's grounds for summary judgment, the nonmovant must expressly present to the trial court in a written answer or response to the motion any reason for avoiding the movant's entitlement to summary judgment." *Shih v. Tamisiea,* 306 S.W.3d 939, 944 (Tex. App.—Dallas 2010, no pet.).

In this appeal, the Garzas challenge the legal sufficiency of Appellee's proof of the accrual date of the Garza's nuisance claim. Appellee presented absolutely no evidence to the trial court regarding the extent, duration, or frequency of the Garzas' injury so that the Court could determine whether it was permanent or temporary. Without such evidence, the Court cannot determine whether the Garzas' cause of action accrued when the injury first occurred or was discovered (permanent injury) or accrued with each injury (temporary nuisance). Thus,

4

Appellee's proof is legally insufficient to conclusively establish the accrual date of the Garzas' nuisance claim.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellants respectfully request that this Honorable Court of Appeals reverse the MSJ Order insofar as it dismisses Appellants' nuisance claim and their ability to recover exemplary damages in connection with their nuisance claim.

Respectfully submitted,

**GARCIA & MARTINEZ, L.L.P.**
6900 N. 10th Street, Suite 2
McAllen, Texas 78504
Phone: (956) 627-0455
Fax: (956) 627-0487

  /s/ Albert Garcia
**ADRIAN R. MARTINEZ**
State Bar No. 13137600
adrian@garmtzlaw.com
**ALBERTO T. GARCIA III**
State Bar No. 00787515
albert@garmtzlaw.com

**ATTORNEYS FOR APPELLANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded to the following on February 2, 2015.

Ms. Jacqueline M. Stroh
THE LAW OFFICE OF JACQUELINE M. STROH, P.C.
10101 Reunion Place, Suite 600
San Antonio, Texas 78216

Mr. Henry B. Gonzalez III
GONZALEZ, CHISCANO, ANGULO & KASSON, P.C.
613 N.W. Loop 410, Suite 800
San Antonio, Texas 78216

/s/ Albert Garcia
Alberto T. Garcia III