**AFFIRMED and Opinion Filed February 8, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01242-CV

**JACQUELINE GIBSON, Appellant**
**V.**
**STONEBRIAR MALL, LLC, D/B/A STONEBRIAR CENTRE, XENCOM FACILITY MANAGEMENT, LLC. AND MYDATT SERVICES, INC. D/B/A VALOR SECURITY SERVICES, Appellees**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-04270-2016**

## MEMORANDUM OPINION
Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Bridges

Appellant Jacqueline Gibson filed suit against appellants Stonebriar Mall, LLC d/b/a Stonebriar Centre (Stonebriar), Xencom Facility Management, LLC (Xencom) and Mydatt Services, Inc. d/b/a Valor Security Services (Mydatt) after slipping on ice in a parking lot and sustaining injuries. Appellees filed traditional and no-evidence motions for summary judgment. The trial court granted the motions without specifying the grounds. Gibson raises ten issues on appeal that encompass three general categories: (1) the trial court's denial of her motion for continuance; (2) the trial court's granting of the summary judgments; and (3) the trial court's findings of fact and conclusions of law. We affirm the trial court's judgments.

**Background**

On the evening of March 4, 2015, a winter storm moved through North Texas causing temperatures to fall below freezing and turning rain into ice and snow. Snow continued to fall and accumulate into the next day with temperatures remaining well below freezing. By March 6, 2015, clear skies returned and temperatures climbed into the forties.

Gibson knew remnants of ice and snow remained in the area when she drove to Nordstrom on March 6, but roads had cleared and people were once again venturing out. Shortly after 11 a.m., Gibson parked in a handicap spot near the front of Nordstrom. She walked up the yellow-painted pedestrian walkway and slipped on what she believed was a patch of black ice. She landed on her wrist and bottom. After she fell, she noticed "grainy material that was either sand or Ice Melt." She admitted she was not paying attention to the ground as she walked towards the entrance because, "It was a very crowded place," and she did not want to bump into anyone.

An individual in a security vehicle arrived and sprinkled what looked like a deicing material or sand on the ground. She recalled someone saying, "someone had just fallen in that very same spot 15 minutes earlier." An ambulance took her to the hospital where she received treatment for a fractured wrist.

On September 23, 2016, Gibson filed an original petition alleging a premises liability claim against Stonebriar for "negligently maintaining the walkway from the parking lot to the sidewalk; negligently creating and/or allowing a dangerous condition to exist by not inspecting the area and failing to make ingress and egress safe or close to the area," and failing to warn individuals of the unreasonably dangerous condition. Gibson later filed a first amended petition to correct the name of defendant Stonebriar Mall, LLC d/b/a Stonebriar Centre, which she originally misidentified as General Growth Properties, Inc. d/b/a Stonebriar Centre. She also added Xencom and Mydatt as defendants.

Stonebriar and Xencom moved for summary judgment on both traditional and no-evidence grounds. They argued Gibson's fall resulted from the natural accumulation of ice, which the Texas Supreme Court has held is not an unreasonably dangerous condition. *See Scott & White Mem. Hosp. v. Fair*, 310 S.W.3d 411, 414 (Tex. 2010). Mydatt moved for summary judgment on both traditional and no-evidence grounds arguing it had no legal duty to Gibson because it did not own the premises and because natural accumulation of ice is not an unreasonably dangerous condition. The motions were set for hearing on July 27, 2017.

On July 18, 2017, Gibson filed a motion for continuance seeking additional time for discovery to adequately respond to the motions. The following day, she filed an amended motion for continuance and a second amended petition. Her second amended petition added negligent undertaking and negligent activity claims against Stonebriar, Xencom, and Mydatt. They did not amend their motions for summary judgment to challenge these causes of actions prior to the summary judgment hearing.

Gibson argued in her summary judgment response that the icy patch she slipped on was the result of negligently piled snow and ice near the ramp that slowly melted and refroze. She asserted, "This *unnatural* accumulation of deeper snow and ice, in combination with a de-icing product also used nearby on the sidewalk, resulted in an increased runoff of water across the sloping handicap ramp. This water then re-froze overnight." Gibson attached pictures to her motion showing snow and/or ice accumulation beside the entrance doors to Nordstrom and other areas of the parking lot. She also attached affidavits from herself and Randall Barnett, Stonebriar's senior general manager.

On July 27, 2017, the trial court granted all three defendants' traditional and no-evidence motions for summary judgment without specifying the grounds. In separate orders, the trial court

denied Gibson's motion for continuance and overruled her objection and special exceptions to the defendants' summary judgment evidence.

Gibson subsequently filed a motion for new trial and requested findings of fact and conclusions of law regarding the denial of her continuance motion and the granting of the summary judgments. The trial court denied her motion for new trial. The court did, however, make written findings of fact and conclusions of law that, among other things, found and concluded there was no evidence or insufficient evidence that the naturally occurring ice was an unreasonable risk of harm to Gibson or that defendants were actively negligent in permitting or creating an unnatural accumulation of ice. The court's findings and conclusions were silent regarding Gibson's continuance motion. Gibson requested additional findings and conclusions; however, the record does not include any additional findings and conclusions. This appeal followed.

**Motion for Continuance**

In her first issue, Gibson argues the trial court abused its discretion by denying her motion for continuance because she needed additional time to conduct discovery and obtain controverting affidavits prior to the summary judgment hearing. Appellees respond the trial court did not abuse its discretion because Gibson failed to show a continuance was necessary and failed to exercise diligence in obtaining the discovery.

We review the denial of a motion for continuance for an abuse of discretion. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). In deciding whether the trial court abused its discretion, three nonexclusive factors are helpful: (1) the length of the time the case has been on file; (2) the materiality and purpose of the discovery sought; and (3) whether due diligence was exercised in obtaining discovery. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004).

Texas Rule of Civil Procedure 166a(c) requires that a motion for summary judgment be filed and served at least twenty-one days before the hearing. In *Dallas Independent School District. v. Finlan*, 27 S.W.3d 220, 235–36 (Tex. App.—Dallas 2000, pet. denied), we held it is generally not an abuse of discretion to deny a motion for continuance if the party has received the twenty-one days' notice required by rule 166a(c). *Id.*; *see also Chase v. Packing*, No. 05-16-00620-CV, 2017 WL 2774449, at *3 (Tex. App.—Dallas June 27, 2017, no pet.) (mem. op.). Gibson has neither alleged that appellees failed to give her notice nor tried to explain why her motion should be an exception to the general rule we articulated in *Finlan*.

Further, a trial court can presume a plaintiff has investigated the case prior to filing. *Finlan*, 27 S.W.3d at 236. Gibson filed her original petition almost six months after she fell. She then amended her petition almost six months later (approximately a year after the incident). After appellees filed their motions for summary judgment, Gibson waited several weeks before requesting a continuance. Thus, nothing in the record indicates her case was on file for such a short time that the court abused its discretion by failing to grant a continuance.

Additionally, the rules of civil procedure provide that if a motion for continuance is sought because of a want of testimony, the applicant shall file an affidavit stating she used diligence to procure the testimony, and such efforts should be stated in the affidavit. *See* TEX. R. CIV. P. 252; *see also Finlan*, 27 S.W.3d at 236. Here, Gibson's motion asserted she needed more time to obtain the depositions of (1) a Nordstrom employee who allegedly received information regarding a patron falling in the same area prior to her fall; (2) the Mydatt security guard or other employee who treated the sidewalk; and (3) a Stonebriar corporate representative. She also sought identification of mall management assigned to respond to the scene. She filed an amended motion for continuance based on alleged new information that Mydatt's contract with Stonebriar may have been conveyed to another corporation prior to the incident.

Both motions include a "declaration" by her attorney that facts contained in the motion are true and within her personal knowledge; however, neither motion states nor explains that Gibson used diligence in obtaining this discovery or was denied the discovery. *Finlan*, 27 S.W.3d at 236 (concluding trial court did not abuse discretion by denying continuance when motion failed to explain diligence used in obtaining discovery). Moreover, the motion does not explain the materiality, relevance, and purpose of the discovery sought other than stating, "These are material fact witnesses who have yet to be identified and deposed." This global statement is not enough to satisfy her burden. *See, e.g., Cardenas v. Bilfinger TEPSCO, Inc.*, 527 S.W.3d 391, 405 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (denying continuance when party generally asserted more time needed to depose six witnesses but failed to explain nature of potential testimony or prior efforts to obtain requested discovery).

We conclude the trial court did not abuse its discretion by overruling Gibson's motion for continuance. We overrule her first issue.

In her fifth issue, Gibson argues the trial court erred by failing to provide findings of fact and conclusions of law for denying the continuance. Although Gibson listed the issue under her "STATEMENT OF ISSUES," she failed to provide any argument or authority elsewhere in her brief. Texas Rule of Appellate Procedure 38.1(i) requires a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Thus, a party asserting error on appeal must put forth some specific argument and analysis showing the record and the law supports her contention. *See Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 784 (Tex. App.—Dallas 2013, no pet.). Because Gibson failed to comply with rule 38.1(i), her issue is not preserved for review and is overruled. However, even if she had complied with rule 38.1(i), the trial court was not required to issue findings of fact and conclusions of law. *See, e.g., Samuelson v. United Healthcare of Tex., Inc.*, 79 S.W.3d 706, 710 (Tex. App.—Fort

Worth 2002, no pet.) ("When an abuse of discretion standard of review applies to a trial court's ruling, findings of fact and conclusions of law, while helpful, are not required.").

**Objections to Summary Judgment Evidence**

Before addressing Gibson's arguments as to the merits of the summary judgments, we must review the trial court's rulings on her objection to appellees' summary judgment evidence. Gibson argues the trial court abused its discretion by overruling her objection to Barnett's affidavit as speculative. On appeal, she expands her objection to include personal knowledge.

We review the trial court's ruling on summary judgment evidence under an abuse of discretion standard. *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 829 (Tex. App.—Dallas 2014, no pet.). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.* An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Id.*

Barnett's affidavit states, "I have personal knowledge of the facts stated herein and they are true and correct." This is sufficient to meet the personal knowledge requirement. *See Cooper v. Circle Ten Counsel Boy Scouts of Am.*, 254 S.W.3d 689, 699 (Tex. App.—Dallas 2008, no pet.) (stating that one is "personally acquainted" with the facts contained in an affidavit is sufficient to show personal knowledge). Moreover, Barnett's affidavit indicates his personal knowledge was derived from his position as senior general manager of Stonebriar Centre Mall, a position he has held since March 6, 2015. *Id.* (concluding basis of affiant's knowledge established by stating his position within the organization); *see also In re Michelin N. Am., Inc.*, No. 05-15-01480-CV, 2016 WL 890970, at *6 (Tex. App.—Dallas Mar. 9, 2016, orig. proceeding) ("An affiant's position or job responsibilities can qualify him to have personal knowledge of facts and establish how he learned of the facts."). An affiant's unchallenged statement of employment or connection to the

case can be sufficient to establish personal knowledge. *Stinnett v. SFJV-2003-1, LLC*, No. 2-06-445-CV, 2008 WL 902797, at *3 (Tex. App.—Fort Worth, Apr. 3, 2008, pet. denied) (mem. op.).

Barnett explained, "It was our procedure at that time, and still is today, to treat or attempt to remove snow and ice to create a pathway from the Mall entrances from the door to the curb line of the street in front of the entrances . . . The area in front of the Nordstrom's entrance including the handicap ramp would have been treated in this same way on March 6, 2015." This statement is clear, positive, and uncontroverted. *See* TEX. R. CIV. P. 166a(c). He explained the mall's procedure for removing snow, to which he had personal knowledge of through his position. *See, e.g., In re Michelin N. Am.*, 2016 WL 890970, at *6 (noting employee can have personal knowledge of company policies without having drafted them). Because Barnett's statements are based on personal knowledge, they are not speculative. *See, e.g., Ash v. Hack Branch Distrib. Co.*, 54 S.W.3d 401, 413 (Tex. App.—Waco 2001, pet. Denied) (overruling objection to affidavit as speculative when affiant's statements were based on personal knowledge).

Gibson cites *Price v. American National Insurance Co.*, 113 S.W.3d 424, 429 (Tex. App.—Houston [1st Dist.] 2003, no pet.) for the proposition that an affidavit based only on "the best of his knowledge and belief" is inadequate summary judgment evidence. Indeed, this is a correct statement of law; however, Barnett did not testify that his statements were made to the best of his knowledge and belief. He unequivocally testified, "I have personal knowledge of the facts stated herein and they are true and correct." Thus, his affidavit satisfies the personal knowledge requirement of rule 166a(f) and is not speculative. *See* TEX. R. CIV. P. 166a(f) (affidavits shall be made on personal knowledge).

Accordingly, the trial court did not abuse its discretion by overruling Gibson's objection to Barnett's affidavit, and we may consider it on appeal. We overrule her sixth issue. We now turn to the merits of appellees' summary judgments.

**Summary Judgment Standards of Review**

The standards of review for traditional and no-evidence summary judgments are well known. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). In a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists, and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. TEX. R. CIV. P. 166a(i); *Gish*, 286 S.W.3d at 310. To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. *Gish*, 286 S.W.3d at 310; *see also* TEX. R. CIV. P. 166a(i).

In reviewing both a traditional and no-evidence summary judgment, we consider the evidence in the light most favorable to the nonmovant. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Gish*, 286 S.W.3d at 310.

When a party files a hybrid summary judgment motion on both no-evidence and traditional grounds, we generally first review the trial court's judgment under the no-evidence standard of review. *Rico v. L-3 Commc'ns Corp.*, 420 S.W.3d 431, 439 (Tex. App.—Dallas 2014, no pet.). Should we determine summary judgment was appropriate under the no-evidence standard, we need not address issues related to the traditional summary judgment motion. *Id.* However, if the court is required to affirm the trial court's ruling on traditional grounds, then we only address the traditional grounds. *See Shih v. Tamisiea*, 306 S.W.3d 939, 945 n.8 (Tex. App.—Dallas 2010, no pet.); *see also Diaz v. D.R. Wright Enter., Inc.*, No. 05-17-00172-CV, 2018 WL 3484227, at *4 (Tex. App.—Dallas July 19, 2018, no pet.).

The central issue to both summary judgments is whether the ice, which caused Gibson to fall, was the result of natural accumulation. The Texas Supreme Court has held that whether a condition on a premises owner's property, like a natural accumulation of ice, poses an unreasonable risk of harm is a "matter of law" determination. *See Scott and White Mem. Hosp. v. Fair*, 301 S.W.3d 411, 419 (Tex. 2010). Because we are required to affirm the traditional summary judgments if appellees conclusively proved the ice accumulated naturally, we address these motions first. *Id*.

**Traditional Summary Judgment Analysis**

In her third issue, Gibson argues appellees failed to establish as a matter of law that naturally accumulated ice caused her fall. Rather, she asserts appellees shoveled and piled the snow and ice on top of the handicap ramp thereby creating an unnatural ice accumulation causing her fall. Appellees respond the Texas Supreme Court has rejected similar arguments, and therefore, Gibson's arguments fail as a matter of law. *See id*.

To prevail on her premises liability claim, Gibson had to prove (1) actual or constructive knowledge of some condition on the premises by the owner; (2) the condition posed an unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused her injuries. *Keetch v. Kroger Co*., 845 S.W.2d 262, 264 (Tex. 1992); *Callahan v. Vitesse Aviation Servs., LLC*, 397 S.W.3d 342, 351 (Tex. App.—Dallas 2013, no pet.).

Premises owners owe a duty to keep their premises safe for invitees against conditions on the property that pose unreasonable risks of harm. *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). This duty, however, does not render the premises owner an insurer of the invitee's safety. *Callahan*, 397 S.W.3d at 351. Rather, to prevail as the invitee, Gibson had to show the ice she fell on was an unreasonably dangerous condition. *Id*. If there was no

–10–

unreasonably dangerous condition, then, as a matter of law, appellees owed Gibson no duty, and she could not recover on her premises liability claim. *See Fair*, 310 S.W.3d at 419.

In *Fair*, the Texas Supreme Court concluded "naturally occurring ice that accumulates without the assistance or involvement of unnatural contact is not an unreasonably dangerous condition sufficient to support a premises liability claim." *Id*. at 414. A natural accumulation of ice is one that accumulates as a result of an act of nature, and an unnatural accumulation refers to causes and factors other than inclement weather conditions. *Id*. at 415. However, salting, shoveling, or applying a chemical deicer to a natural ice accumulation does not transform it into an unnatural one. *Id*. at 419. "To find otherwise would punish business owners who, as a courtesy to invitees, attempt to make their premises safe." *Id*.

The summary judgment evidence in this case shows a winter storm moved through North Texas on the evening of March 4, 2015, causing temperatures to fall below freezing and turning rain into snow and ice. Snow continued to fall and accumulate into the next day with temperatures remaining below freezing.

Gibson testified during her deposition that she did not know of anything, other than the "[i]ce that I didn't see," that caused her fall. She admitted she knew and "appreciate[d]" that ice and snow was still in the area.

Barnett's affidavit explained the winter storm, rather than some other source, caused the snow and ice to accumulate. He further stated, "It was our procedure at that time, and still is today, to treat or attempt to remove snow and ice to create a pathway from the Mall entrances from the door to the curb line of the street in from of the entrances." Barnett explained in his deposition that he "typically" rode around the building every morning to make sure maintenance had performed their job, one of which, would have included applying deicer if warranted by the weather. He explained they "treat the area from the sidewalk to the building" and not the parking

lot because of its size. Thus, the summary judgment evidence established that the ice in question was a naturally occurring accumulation that did not pose an unreasonable risk of harm. *See Fair*, 310 S.W.3d at 419; *see also Callahan*, 397 S.W.3d at 353.

The burden then shifted to Gibson to produce summary judgment evidence that the ice did not accumulate naturally and resulted from something other than the winter storm. Gibson did not do so. She suggests the ice was not naturally occurring because "the negligent placement of the pile caused a runoff of water that would not have existed on the ramp if the pile had not been created by Appellees." She further argues a jury should decide whether it was reasonable for appellees to pile up snow at the top of the handicap ramp in their attempts to clear the sidewalk. However, in *Fair*, the court determined shoveling or applying a chemical deicer to a natural ice accumulation does not transform it into an unnatural one. *Id*. at 419. Furthermore, ice that melts and later refreezes is still deemed a natural accumulation. *See Fair*, 310 S.W.3d at 418; *see also Callahan*, 397 S.W.3d at 354. Accordingly, Gibson failed to produce evidence creating a genuine issue of material fact. As such, the naturally accumulated ice did not pose an unreasonable risk of harm, and appellees owed Gibson no duty. Because Gibson could not succeed on her premises liability claim, the trial court properly granted appellees' traditional motions for summary judgment. We overrule Gibson's third issue.

Having reached this conclusion, we need not address Gibson's fourth issue challenging the no-evidence motions for summary judgment or her seventh issue challenging the trial court's overruling of her special exceptions to the no-evidence summary judgment motions. *See* TEX. R. APP. P. 47.1; *see also Shih*, 306 S.W.3d at 945 n.8.

**Finality of Summary Judgments**

Having concluded summary judgment was appropriate as a matter of law on Gibson's premises liability claim, we next consider Gibson's second issue in which she contends the trial

–12–

court violated *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001) by granting more relief than requested. *See Lehmann*, 39 S.W.3d at 200 ("A judgment that grants more relief than a party is entitled to is subject to reversal.").

After appellees filed their hybrid summary judgment motions, Gibson timely amended her petition adding negligent undertaking and negligent activity claims. Appellees did not amend their summary judgment motions to challenge these additional claims. Thus, at the time the trial court granted the summary judgments, appellees had no pleadings on file addressing these claims. Gibson argues these claims should have survived summary judgment, and the trial court's order granting all relief requested violates *Lehmann*.

Appellees respond it was unnecessary to amend their summary judgment motions because the "new" claims essentially reiterated her previously pleaded premises liability claim. Specifically, appellees contend the ground upon which the trial court properly granted their summary judgments (naturally accumulated ice is not an unreasonably dangerous condition) likewise defeats Gibson's negligent undertaking and negligent activity claims. We agree.

Summary judgment may only be granted based on grounds expressly asserted in the summary judgment motion. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). Generally, a movant who does not amend or supplement its pending motion for summary judgment to address newly added claims alleged in a subsequent petition is not entitled to summary judgment on those claims. *Callahan*, 397 S.W.3d at 350–51. In such cases, the portion of the summary judgment purporting to be final must generally be reversed because the judgment grants more relief than requested. *Id.*

Limited exceptions apply to this rule: an amended or supplemental motion for summary judgment is not required when the amended petition essentially reiterates previously pleaded causes of action, when a ground asserted in a motion for summary judgment conclusively negates

a common element of the newly and previously pleaded claims, or when the original motion is broad enough to encompass the newly asserted claims. *Id.*

Gibson's second amended petition alleged appellees "failed to exercise that degree of care and caution in one or more of the following particulars:"

> D. Negligent undertaking and negligent activity by attempting to clear the icy sidewalk by piling or leaving piled the ice and snow near the handicap ramp where the ice and snow was allowed to melt and the water to drain towards and onto the ramp where it refroze overnight.

Gibson's claims are premised on the second *Fair* exception that "the natural accumulation rule does not apply when a landowner is 'actively negligent in permitting or creating an unnatural accumulation of snow.'" *Fair*, 310 S.W.3d at 416. However, as previously discussed, salting, shoveling, or applying a chemical deicer to a natural ice accumulation does not transform it into an unnatural one. *Id.* at 418–19. Ice that melts and later refreezes is still deemed a natural accumulation. *Id.* Accordingly, the exception does not apply, and Gibson's claims are precluded for the same reason as her premises liability claim. *See, e.g., Callahan, LLC*, 397 S.W.3d at 356 (concluding motion for summary judgment was broad enough to reach all negligence claims regarding accumulation of ice). As such, the basis for summary judgment is sufficiently broad enough to encompass the subsequently added negligence clams, and appellees did not need to amend or supplement their motions. Thus, the trial court's summary judgments are final and disposes of all of Gibson's claims. We overrule Gibson's second issue.

**Summary Judgment Findings of Fact and Conclusions of Law**

In issues eight, nine, and ten, Gibson challenges the trial court's findings of fact and conclusions of law regarding the hybrid summary judgment motions. Findings of fact and conclusions of law have no place in a summary judgment proceeding. *See Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994); *Tarrant Restoration v. TX Arlington Oaks Apartments, Ltd.*,

225 S.W.3d 721, 729 n.3 (Tex. App.—Dallas 2007, dism'd w.o.j.).  When summary judgment is proper, there are no facts to find, and the legal conclusions have already been stated in the motion and response.  *Tarrant Restoration*, 225 S.W.3d at 729 n.3.  We overrule Gibson's eighth, ninth, and tenth issues.

### Conclusion

Having overruled all of Gibson's issues, we affirm the trial court's judgments.


 /David L. Bridges/
DAVID L. BRIDGES
JUSTICE


171242F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JACQUELINE GIBSON, Appellant

No. 05-17-01242-CV     V.

STONEBRIAR MALL, LLC, D/B/A
STONEBRIAR CENTRE, XENCOM
FACILITY MANAGEMENT, LLC. AND
MYDATT SERVICES, INC. D/B/A
VALOR SECURITY SERVICES,
Appellees

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-04270-2016.
Opinion delivered by Justice Bridges.
Justices Partida-Kipness and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee STONEBRIAR MALL, LLC, D/B/A STONEBRIAR CENTRE, XENCOM FACILITY MANAGEMENT, LLC. AND MYDATT SERVICES, INC. D/B/A VALOR SECURITY SERVICES recover their costs of this appeal from appellant JACQUELINE GIBSON.

Judgment entered February 8, 2019.